## SMOOT *vs.* THE MAYOR &c. OF WETUMPKA.

1. When the act incorporating the municipal authorities of a city makes it their duty to keep in repair the bridges and streets within the corporate limits, and in consideration thereof relieves them from other duties, an action on the case lies against them for a neglect of this duty, in favor of a person who is thereby injured.

2. When such action is brought to recover damages for injuries caused by the fall of a bridge, it is not necessary to aver in the declaration that the bridge was broken without any fault on the part of plaintiff; nor that he could not pass the street, of which the bridge formed a part, without crossing the bridge; an averment that it was defendants' duty to keep the bridge in repair, and that the injury resulted from its unsafe and rotten condition, which rendered it incapable of sustaining the usual burdens which were accustomed to pass over it, is sufficient.

3. A count averring that the bridge was private property, not belonging to the corporation, and had become a public nuisance from its unsafe and rotten condition, and that said corporation, knowing this, failed to abate it, as they by law were authorized and required to do, whereby &c., is bad on demurrer; the failure to exercise judicial power properly, in the absence of malice and corrupt intention, constitutes no ground of action.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. JOHN D. PHELAN.

ACTION on the case by Benjamin A. Smoot against the Mayor and Aldermen of the City of Wetumpka, a municipal corporation, to recover damages for injuries sustained by plaintiff from the breaking down of a certain bridge in one of the streets of the city, while he was crossing it with his wagon and team; which bridge, the declaration avers, it was the duty of said defendants to keep in repair, but they wholly failed and neglected to perform that duty, and, with actual notice of its rotten and unsafe condition, negligently and carelessly suffered it to remain so. The declaration contains four counts, which are particularly described in the opinion. The defendants demurred to the whole declaration, and to each count separately; and the demurrers were sustained. The judgment on the demurrer is now assigned for error.

L. E. Parsons and N. S. Graham, for plaintiff in error :

It is admitted that no action lies for a public or common nuisance, but an indictment only ; but where a private person suffers some direct and particular damage by a public nuisance, he shall have a private satisfaction by action.—Broom's Legal Maxims, 50 Law Lib. 32 ; 3 Black. Com. 219, 220 ; also, note 7, and authorities there cited, on top p. 173. To the same effect is the case of The City Council of Montgomery v. Hutchinson & Scott, 13 Ala. R. 573. Again ; it is said, " an indictment may be sustained for the general injury to the public, and an action on the case for a special and particular injury to an individual."—Mayor v. Henly, 3 B. & A. (23 Law Lib.) 36, and the cases cited in the opinion of Lord Tenterden, C. J. ; also, King v. Ward, 31 Law Lib. 92 ; 27 E. C. L. R. 366 ; Angell & Ames on Corp. 329 ; Townsend v. Susquehana Turn. Road, 6 Johns. 90 ; Riddle v. The Proprietors of Merrimack, 7 Mass. 169.

The act of incorporation, passed January 30, 1839, confers powers and privileges on the citizens of Wetumpka in their corporate capacity, which may well be regarded as a consideration for the performance of the duties imposed on them by their charter.—Acts of 1338-9, p. 46, §§ 7, 8, 11, 12. Their failure to perform this duty renders them liable to an indictment ; but a private person may also sue, on showing special injury to himself arising from that failure. This seems to be the result of all the cases, though there is some conflict among them, and it is certainly in accordance with sound public policy.—Cunliff v. The Mayor of Albany, 2 Barb. S. C. R. 191 ; Hay v. The Cohoes Company, 3 ib. 43 ; Sheldon v. Fairfax, 21 Vermont 105. This being an incorporation, the decision of Lord Kenyon in Russell v. The Men of Devon, 2 Durn. & East 667, does not apply ; for, in that case, the argument proceeds upon this question, " Whether this body of men who are sued, are a corporation, or quasi a corporation."

In the case of The Freeholders of Sussex v. Strader, 3 Har. 117, the court say, the better and more modern doctrine is, that a corporation may be held liable even for its torts, in a special action on the case for a neglect of duty ; and they cite the case of Yarborough v. The Bank of England, 16 East 6. See, also, Bartlett v. Crozier, 15 Johns. 250 ; 8 Barb. S. C. R. 651 ;

Meares v. The Com'mrs of Wilmington, 9 Iredell 73 ; Town Council of Akron v. McComb, 18 Ohio 229 ; on which cases the plaintiff in error confidently relies.

RICE & MORGAN, contra :

1. The charter of the city of Wetumpka imposes no higher obligations on it, in reference to roads and bridges, than the law imposes upon the commissioners of roads in each county. It is a municipal corporation, exercising its general powers for the public good. It has no emoluments arising from the streets or bridges, which it may establish or erect; it has no peculiar, private interest in them, but establishes them in the exercise of its general powers, and in obedience to the law, for the public good alone. It owes these duties to the public only, and not to any individual ; and no action will be against it, at the suit of an individual, for a neglect to perform such duties.—Morey v. Newfane, 8 Barb. 645, which is a complete answer to all the New England cases cited for the plaintiff in error, and is supported by the cases in 11 Humph. 217 ; 12 Missouri 415 ; 3 Har. (N. J.) 108.

In all the cases which tend to establish the doctrine that municipal corporations are liable for injuries sustained by individuals, the act complained of was either a usurpation of power not conferred by law, or some act done, resulting in injury to a private person, in the abuse of power conferred by law ; a simple neglect of duty to the public, gives no ground of action to an individual. The case of Goodlow v. City of Cincinnati, 4 Ohio 500, decides, that the corporation is liable for an illegal and malicious act done by its agent, acting in pursuance of the authority conferred by the corporation ; but it does not decide anything in reference to a mere omission of duty on the part of the corporation. The case of The Mayor of New York v. Furze, 3 Hill 616, was rested, so far as the right of action was concerned, upon the ground, that the occupants of the houses and lots in the neighborhood, having been charged with the expenses of the sewers said to have been out of repair, had thereby acquired a right to the common use of them, and a corresponding duty devolved on the corporation to keep them in repair. This duty the city owed to the citizens in the neighborhood, as well as to the public ; but the remedy was given on

the idea of an implied contract with those citizens, whose property had been taxed for that purpose, to repair the sewers.

None of the counts of the declaration aver that the bridge was broken without the plaintiff's fault; and the facts averred in three of the counts do not negative the idea that he was at fault in the matter—that he was carrying too much burthen on his wagon.

The third count is, in substance, the same as the others. The intendment of law, upon the facts stated in it, is, that the street and bridge had become public by use, and by the continuation of the repairs, and that the bridge had become a public nuisance, by the rotting of the timbers, &c. It is not the case of the erection of a nuisance; there is no act done by the city which was calculated to create a nuisance, but the nuisance arises from the neglect to perform a duty which the city owed to the public, not to particular individuals or localities; not a duty arising from a condition in the city charter, or from an implied contract, but a duty to be exercised by the city legislatively, for the general good, and in obedience to a general expression of the legislative will as contained in the charter. The case cited from 27 E. C. L. R. 366, is not in point; the grant, in that case, was upon condition, and upon a valuable consideration; the acceptance of the grant imposed upon the defendants the discharge of a public duty, as trustees for the benefit of certain persons in a certain locality; and the action really rested, and was sustained, on the ground that a failure to repair was a breach of the condition of the charter, which was a contract with the crown to do certain acts, for the benefit of certain localities, in consideration of certain valuable profits, immunities, &c. In the case at bar, there is no such implied contract, but only a general duty to the whole public, which, if not performed, gives no right of action to an individual. The case of Stetson v. Faxon, 3 Hill, is similar to that of the Mayor of L—— v. Henly, and the recovery was proper, upon the maxim " *sic utere tuo ut non alienum lœdas.*" All the cases, from that reported in 2 Term R. 667, show that corporations stand on a footing with individuals, only when they exercise their powers for private emolument, and not solely for the public good.—8 Barb. S. C. R. 645; 1 Saunders' R. 485 (note 1.)

The declaration nowhere shows that plaintiff was forced to

pass over the bridge ; that there was no other convenient way, or no way provided to avoid the bridge ; and there is no averment that the act was without the fault or negligence of the plaintiff; for aught that appears, these facts may exist.—Smith v. Smith, 2 Pick. 344. Is the liability of a municipal corporation sufficiently averred, by simply stating that a certain bridge, on a certain street, open to public use, was out of repair ? Is it a legal inference from these facts, that the corporation has violated the law defining its duties, or that the plaintiff has been injured by a breach of its general duties ?. The averment is, not that the highway or street was impassable, but that the bridge forming a part of it was out of repair.

CHILTON, C. J.—Before proceeding to discuss the main proposition involved in this case, it is proper to note the objections taken to the structure of the counts.

The first count, after setting out the corporate character of the defendant, and averring that, under the act of incorporation, said defendant was bound to keep, and of right ought to have kept, the streets and highways of said city of Wetumpka in good repair, and that the revenue of said city was ample and sufficient for that purpose, which revenue the said corporation was empowered by law to use for that purpose, proceeds to state, " that the defendants, not regarding their duty in this behalf, and contrary to the provisions of the act aforesaid, neglected to keep the said streets and highways in good repair, and so mismanaged them that they were impassable, unsafe and dangerous, and that said plaintiff, passing and driving over and along one of the public streets of said city, and within the corporate limits thereof, as he had a right to do, viz., a street usually known and called Company street, (commencing and ending within the corporate limits of said city,) and a certain bridge, being a part of said street, and within the corporate limits aforesaid, on account, and by reason of, said neglect, mismanagement and disregard of duty as aforesaid, had become rotten, unsafe and dangerous, of which said corporation had then and there, and for a long time previous, positive notice, and by means whereof, said bridge, while the wagon and team of the said plaintiff were passing over the same, fell through, and was broken down ; whereby said wagon, of the value of five

hundred dollars, was broken, split and fractured, and the plaintiff's team of mules, of the value of one thousand dollars, wounded and killed; whereby the plaintiff was deprived of their use," &c.

The second count is substantially like the first, except that it superadds, that the defendant was accustomed to keep said street and the bridge in good repair, and had treated the same as a public street, the same being of great public utility and necessity, and disregarding their corporate and accustomed duties, failed to keep the same in repair, but knowingly suffered the bridge on said street to become unsound, rotten and dangerous; and in consequence of their disregard and neglect of duty, imposed by their charter, and which before that time they had been accustomed to perform, the said bridge became incapable of sustaining the usual burthens which were accustomed to pass and repass over it, and the plaintiff, not knowing this fact, attempted to pass over it with his wagon and team, when it broke down, by reason of its unsound and rotten condition, causing the damage of which the plaintiff complains.

The third count varies the allegations, by averring that the defendants had no power or control over the said street, but that it was made their duty by the charter to remove all nuisances in said city; that this street was not a legally established highway in the city, but was kept open for the use of persons, wagons, &c., passing to and from public warehouses in the city for the storage of cotton, &c.; that said corporation erected the bridge on said street, which, by their neglect, and by reason of its decayed condition, became and was a nuisance to the public, which was made known to the defendants; and the plaintiff, in passing with his wagon, loaded with cotton, to a public warehouse, attempted to cross said bridge, when it fell through, by reason of the rotten, unsound condition of said bridge, causing the damage complained of.

The fourth count avers, that the corporation was bound by their charter to keep the streets, alleys, &c., of the city in repair, as also such streets as, after the act of incorporation, should be dedicated to the use of the city by the owners of the soil within the incorporation; that this street had been so dedicated, and used for fourteen years preceding the injury complained of, and was of great public utility and necessity; that

said corporation had ample means to keep said street and the bridge erected thereon in good order and repair, but so negligently conducted as knowingly to suffer the bridge to be and remain out of repair, and so rotten and unsafe that it broke down while the plaintiff was crossing over on it, injuring his wagon and killing his mules, &c.

1. It is insisted by the counsel for the defendant in error, that none of the counts contain an averment that the bridge was broken without the fault of Smoot. This objection is not tenable. The averment that the injury resulted from the unsafe and rotten condition of the bridge, which rendered it incapable of sustaining the usual burthens which were accustomed to pass over it, is, in our opinion, quite sufficient. The plaintiff deduces his right to damages from a tortious breach of the defendants' duty, which, he avers, has caused the injury of which he complains. If there be circumstances connected with the injury, showing that it is to be attributed to some fault of the plaintiff, it is for the defendant to set them up in defence. It is not required that a plaintiff should, by his averments, negative every conceivable fact which might militate against his recovery. He is only bound to make out affirmatively a *prima facie* case for damages; and this he has done in the case before us, if, indeed, the action for damages will lie in such a case against the corporation.

2. As respects the sufficiency of the third count: The seventh section of the act incorporating the city of Wetumpka, declares, " That the mayor and aldermen shall have power to pass by-laws and ordinances, necessary and proper to prevent contagious and infectious diseases from being introduced into said city, and to preserve the health thereof, and to prevent and remove all nuisances at the expense of the person causing such nuisance, or upon whose property it may be found," &c. The declaration avers, that the street on which the bridge was erected, was not a public street or highway duly established as such, but that it had been kept open for the use and benefit of all persons, travelling to and from certain public warehouses for the storage of cotton &c., and was of great use; and it also avers, that said defendant, neither in its corporate nor in any other capacity, had any right or power to control or manage the said street or way; that nevertheless it erected, or caused

to be erected and continued, a certain bridge on said street, which became, by reason of its rotten and unsafe condition, a nuisance, and that the injury to the plaintiff's property was received by its falling through while he was crossing it with his wagon and team. The gravamen of this count, if we rightly understand it, is not that the corporation improperly or care- lessly erected the bridge, but that it failed to abate it after the same had become so unsound and rotten as to be a public nui- sance. As the bridge was on private property, (the count pos- itively negativing the idea of its being on a public highway, and failing to show a public use of it for so long a period, as to amount to a dedication of it to the city,) if the corporation had torn it down as a nuisance, it would have been liable to the owner of the property in the event it had turned out not to be such ; and the resolve of the corporation for its abatement would have furnished to it no protection. But before it could be abated by the city authority, as a nuisance, the question must first be settled by the corporation that it was such nuisance ; and this involved the exercise of judicial power, the failure to exercise which properly, in the absence of malice or corrupt intention, constitutes no ground of action. We are of opinion, therefore, that the third count was bad. Unlike the other counts, it avers no duty on the part of the corporation to repair the bridge, but places it beyond its jurisdiction, except upon the ground of its being a nuisance.

3. But it is also insisted, that, conceding the liability of the corporation to keep the streets and bridges in repair, yet this general liability does not necessarily require that this particular bridge should be kept up ; for, *non constat*, the street was better without than with it ; and moreover, it does not appear but that there was a good way around the bridge, rendering it unneces- sary to pass over it.

These and all similar objections are answered, by the allega- tion in the counts that it was the duty of the corporation, resulting from their organic law, to keep up this particular bridge. If the bridge was unnecessary, and the corporation had determined to dispense with it, there being a good way around it, this would constitute a defence, and would go to negative the allegation that the corporation had failed to dis- charge its duty in suffering it to go to decay ; but being mat-

ter of defence, it was for the defendant, and not the plaintiff, to bring it to the notice of the court and jury. Whether the highway could have been passed without going over the bridge, is not the question presented, or required to be presented, by the plaintiff. He says, this bridge was a part of the street, and it was the duty of the defendant to keep it in repair, and in consequence of a tortious or negligent breach of this duty by the defendant, the plaintiff's property has been destroyed in an attempt to pass over it. He thus shows the injury complained of to be the proximate result of the defendant's breach of duty, which renders his right of action complete, if such action will lie; and whether or not it will, is the only remaining subject of inquiry.

4. It is too well settled, by an unbroken current of authority for many years past, that an action on the case for a tort may be maintained against corporations, as against individuals, now to be controverted.

At an early period in the history of corporations, it was held, that such actions could not be maintained. Indeed, at one time it was much doubted whether assumpsit would lie against a corporation aggregate, since, it was said, it could only bind itself under seal; and such was the decision in Breekbill v. Turnpike Co., 3 Dall. 496. But when it was suggested that, being impersonal, and having no hand, it could not affix a seal, and must therefore contract with some agent to act for it in that behalf, the old doctrine was abandoned; for, if it could not act without a seal, it could never act at all, as it can only act through an agent, which it could never create, in the first instance, under seal. The principal difficulty we have had in this case, is, in determining as to the nature of the liability of the defendant in respect to the failure of duty and negligence charged against it, considered in connection with the law of its organization; in other words, whether the duty alleged to have been negligently and tortiously violated, grows out of, and forms a part of, those powers in the exercise of which the corporation acts as a legislative body, or whether such duty does not involve the exercise of its governmental functions. To illustrate: Power is given to the corporation to pass by-laws and ordinances, necessary and proper to prevent contagious and infectious diseases; but the passage of such by-laws and ordi-

nances involves the exercise of legislative power, and although it is the duty of the corporation to pass them when an emergency shall render them necessary, still no action on the case would lie for a failure to perform such duty, at the suit of any one who may have sustained injury from such diseases. This is a public, governmental power, with reference to which the corporation may exercise a sound legal discretion. On the other hand, where a particular duty is positively enjoined, and no discretion is vested in the corporation, as to whether it will or will not perform it, (as if the city or municipal corporation, in consideration of certain exemptions and immunities, such as from working on roads and highways, &c., is positively required to keep the highways in said city in repair,) and, having the means for performing this duty, the corporation wilfully or negligently fail to perform it, in consequence of which failure an extraordinary injury happens to an individual, we see no reason why an action will not lie as well against it as against an individual, for a similar omission of duty which works an injury to another.

The case before us falls directly under the principle we have laid down ; for, by its act of incorporation, it is declared that " the inhabitants of the said city shall be excused from working on roads and highways out of the said city, and from patrol duty, except under authority of said city ; but the streets and highways of said city shall be kept in repair by said city," &c. —See Acts of Ala. 1839, p. 47 § 11. We must judicially take notice of this act, as a part of the public law, as though it had been set out in each count in the declaration.—State v. The Mayor and Aldermen of Murfreesboro', 11 Humph. R. 212.

The tendency of the modern decisions is, to hold corporations liable, like individuals, for tortious violations of duty, not involving governmental powers, and to disregard the distinction which has sometimes been taken between what is termed misfeasance and non-feasance. We are of opinion that there is, in such cases, no solid distinction between a tortious neglect of a known, defined duty, which is of such a character as not to involve governmental powers, and the performance of such a duty in so unskillful and negligent a manner as to cause particular or extraordinary injury to another. The consequences to the party injured are the same, whether they result from misfeasance or non-feasance.

We have looked into a number of cases, bearing upon the question of the liability of corporations for omissions of duty similar to the one now under consideration, and without extending this opinion by citing them, we feel satisfied that the weight of authority is in favor of sustaining the right of action. The case of Meares v. The Commissioners of the Town of Wilmington, 9 Iredell R. 73, 80, very clearly shows that the power, or rather the duty, enjoined upon the corporation, to repair, is not one of those public, gratuitous duties for which the corporation should not be held responsible ; it receives an equivalent in the immunities granted to it.

The judgment must be reversed, and the cause remanded.