(75 South. 487)

CITY OF BIRMINGHAM et al. v. McKIN-
NON. (6 Div. 531.)

(Supreme Court of Alabama. April 26, 1917.
On Rehearing, May 24, 1917.)

1. APPEAL AND ERROR ☞1099(6) — SUBSE-
QUENT APPEAL—LAW OF THE CASE—SUFFI-
CIENCY OF COMPLAINT.

The determination upon a former appeal that complaint was sufficient became the law of the case on a subsequent appeal, where complaint and demurrer were the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4375.]

2. MUNICIPAL CORPORATIONS ☞790—
STREETS — OFFICERS' KNOWLEDGE OF DEFECT
IMPUTED TO CITY.

An officer's knowledge or means of knowledge of defects in streets, which it is his duty to remedy or report, will be imputed to municipality.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1645, 1646.]

3. MUNICIPAL CORPORATIONS ☞790—LIABIL-
ITY FOR POLICE OFFICERS' NEGLIGENCE.

Generally, municipal corporations are not liable for police officers' negligence; but this rule does not apply where duty to remedy or report defects is imposed upon them, in respect to which they are mere ministerial agents, for whose acts the municipality is answerable in its corporate capacity.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1645, 1646.]

4. MUNICIPAL CORPORATIONS ☞762(2)—LIA-
BILITY FOR PROPERTY OWNER'S OBSTRUCTION
OF SIDEWALK.

Unless guilty of contributory negligence, pedestrian could recover from city for injuries caused by falling over stakes and wire so placed by property owner as to obstruct sidewalk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1606–1608.]

5. MUNICIPAL CORPORATIONS ☞818(9)—AC-
TION FOR INJURY—OBSTRUCTED SIDEWALK—
ADMISSION OF EVIDENCE—OTHER ACCIDENTS.

In a pedestrian's action against a city for injury caused by falling over stakes and wire so placed by property owner as to obstruct sidewalk, evidence that other persons had fallen over the wire was inadmissible, since such evidence did not relate to the question of the location of the obstruction, which was the only issue involved.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1735.]

6. MUNICIPAL CORPORATIONS ☞818(11)—AC-
TION FOR INJURY—OBSTRUCTED SIDEWALK—
ADMISSION OF EVIDENCE.

Evidence that witness had pulled up such stakes was inadmissible; the inference that witness did no wrong in pulling them up being no stronger than presumption that the owner did no wrong in placing them where they were.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1737.]

7. MUNICIPAL CORPORATIONS ☞812(7)—AC-
TION FOR INJURY—SUFFICIENCY OF CLAIM—
TIME OF INJURY.

Claim against city, alleging personal injury suffered "on, to wit, May 20, 1914," sufficiently complied with Code 1907, § 1275, requiring that claim state "the day and time" of injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1702.]

8. TRIAL ☞252(20)—INSTRUCTIONS—LOSS OF
EARNINGS.

Refusal to charge that plaintiff could recover no more than nominal damages on account of loss of earnings was proper, where evidence showed average earnings and loss of time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 610.]

On Rehearing.

9. EVIDENCE ☞265(17)—CONCESSION OF DE-
FENDANT NOT APPEALING—CONCLUSIVENESS.

Concessions of property owner defendant, who did not appeal, as to location of stakes near sidewalk causing plaintiff's injury, was not binding on municipality defendant, which appealed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1049.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by H. A. McKinnon against the City of Birmingham and others. Judgment for plaintiff, and defendant named appealed to the Court of Appeals. Cause transferred, under Acts 1911, p. 449, § 6. Reversed and remanded. Application for rehearing denied.

See, also, 71 South. 463, 196 Ala. 56.

Most of the facts sufficiently appear. The assignments of error referred to are as follows:

(2) The court erred in overruling appellant's objection to the following questions propounded by plaintiff to witness J. E. Burke: "Now, Mr. Burke, if the sidewalk in your territory, and in your beat, and under your supervision, should become obstructed for the free use of travel for pedestrians, what was the duty of you and your policemen in a case of that kind?"

(3) Objection of appellant to answer of same witness: "Well, if we found it out, it was our duty to have it removed, or see that they removed it."

(4) Question to same witness: "How often would that territory on Tuscaloosa avenue and Oak street, at the intersection down there that I have just asked you about, be patrolled by the policemen under you?"

(12) Overruling appellant's objection to the following question propounded by plaintiff to witness Mrs. W. W. Johnson: "How often during the months of March, April, and May did any city policemen patrol that neighborhood—that street along there? How often would you see them?"

(18) Refusal of the court to give at the request of appellant the following written charge: "(15) The court charges the jury that they cannot award plaintiff the verdict against defendant city of Birmingham on account of any alleged negligence on the part of the police officers of the city of Birmingham, · or any of them, in failing to remove or cause to be removed the stakes or stubs over which plaintiff claims to have fallen."

(5) The court erred in overruling appellant's objection to the following question propounded

by plaintiff to witness Gardner: "Tell the circumstances and how you—what first called your attention to these stakes or stobs."

(6) Overruling appellant's objection to answer of same witness: "About the first attention attracting me, I turned the corner there and stumbled over the stob right at the corner of the sidewalk."

(8) Overruling appellant's objection to the following question propounded by plaintiff to witness John Bryan: "Where were you when you noticed the stob for the first time."

(9) Answer of said witness: "It was the next morning after I fell over the stob."

(10) Overruling appellant's objection to the following question to Mrs. W. W. Johnson: "Were you present when anybody did come in contact with them, and stumble, prior to the time Dr. McKinnon fell over them?"

(11) Answer of Mrs. Johnson to the question: "Yes, sir; oh, yes, sir; I saw others fall—little children."

M. M. Ullman and W. A. Jenkins, both of Birmingham, for appellant. F. E. Blackburn, of Birmingham, for appellee.

SAYRE, J. [1] We held on a former appeal in this case (McKinnon v. City of Birmingham, 71 South. 463 [1]) that the complaint was not subject to any ground of the demurrer that had been taken against it. The complaint and the demurrer are just as they were then, and, for the purposes of this case at least, the ruling must stand, for it must be that, if the demurrer took objections to the complaint which should have been sustained, they were not then sustained, because they were not then presented to this court in a way that called for decision.

[2] The second, third, fourth, twelfth, and eighteenth assignments of error have been answered by the opinion in the recent case of City of Birmingham v. Muller, 197 Ala. 554, 73 South. 30, where we held the rule that:

"The knowledge, or means of knowledge, of an officer of a municipality will be imputed to the municipality, where such officer is in charge of the streets, or is charged with the duty to make repairs or remedy defects, or it is his duty to report the matter to some officer with authority to act." 6 McQuillin, Mun. Corp. § 2810.

[3] While, as a general proposition, municipal corporations are not liable in damages for the negligence of their police officers, yet where the duty to remedy defects or report the same to an officer with authority to act is imposed on officers who in other respects discharge governmental powers, in respect to the special duties so imposed they are the mere ministerial agents of the municipality, which therein is deemed to act, and is answerable, in its corporate capacity rather than as an arm of the state. City of Bessemer v. Whaley, 187 Ala. 525, 65 South. 542.

[4] We have been unable to avoid the conclusion that the trial court erred in those rulings on questions of evidence which are shown by the fifth, sixth, eighth, ninth, tenth, and eleventh assignments of error. Plaintiff, in the nighttime, stumbled over a stake or stob and a wire that had been placed by the owner at the corner of a lot at the intersection of two streets. The lot, which

was uninclosed towards the front, was on a level, approximately, with the intersecting sidewalks, which were paved, and the owner had set the stake at the corner and strung a wire between it and other stakes; his object being to prevent annoyance by pedestrians who, cutting the corner, would walk over his lawn. These stakes and the wire on numerous occasions had been replaced by the owner after other persons had torn them up, and there was some question whether they had been placed back in the exact places from which they had been taken. The pavement was not laid flush with the property line, but between the two a narrow strip of about 12 inches was left. The issue of fact between the parties was confined within narrow limits. Plaintiff contended that the stakes and the wire were placed immediately next to the inner line of the pavement, and even that the stake at the corner leaned over the pavement, thus obstructing a part of the sidewalk over which he had a right to pass, and over which he was passing at the time of his injury. If this view of the fact in controversy was accepted by the jury, plaintiff was entitled to recover, unless indeed he was guilty of contributory negligence. City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22.

[5] Defendants on the other hand—the city and the owner of the lot were sued jointly —contended that the stake over which plaintiff stumbled was set at the property line and that the legal cause of plaintiff's mishap, for which they were in no wise responsible, was to be found in the fact that plaintiff in turning the corner trespassed upon the lot. Plaintiff was allowed, over defendants' objection, to prove that on a number of occasions other persons—little children, some of them—had fallen over the wire. This was prejudicial error, and for it the judgment must be reversed. Mayor and Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 South. 424; Collins v. Dorchester, 6 Cush. (Mass.) 397. This was evidence of collateral facts which furnished no legitimate ground of inference as to the narrow issue contested between the parties, or any of the formal issues proposed by the pleading, but not made the subject of any real dispute. One of the witnesses testified that he had fallen over the stake at the corner; the places of the other occurrences are not fixed; they may have been away from the corner, and this may have been of some consequence, for unless a pedestrian were turning the corner in the narrow space between the outer corner of the lot and the inner corner of the pavement, it would seem improbable that he would fall over the wire unless he was going on or off the lot. At any rate, the fact that other persons fell over the wire or the stakes did not tend to show whether those things were within the property line or encroached upon the

sidewalk. Non constat, these other persons were some of the trespassers, against whom the owner had set up a sort of barricade and a sign that their frequent intrusions were resented.

Birmingham Railway v. Alexander, 93 Ala. 133, 9 South. 525, was a very different kind of case. The gravamen of the charge against the defendant in that case was that it neglected to keep its track at the point where the accident occurred in such condition as to permit the free and unobstructed passage of vehicles over it. The court held that the defendant should have been allowed to show that other vehicles did constantly pass over the track at that point and about that time without difficulty or hindrance, as competent evidence that it had performed its duty in respect to the condition of the track; that is, that the track was in good condition, suitable for safe use. The same idea was given expression in Starr's Case, supra, at a point other than that to which we have referred in our citation above, and received much consideration in Southern Ry. v. Lefan, 195 Ala. 295, 70 South. 249. In the instant case there could have been no question whether the stake and wire at the corner, 18 to 24 inches above the level of the sidewalk, if they were on the sidewalk, constituted a defect in the sidewalk. If, to illustrate the point under discussion, it had been conceded on all hands that the stake stood out in the sidewalk and that the wire was stretched to it across the sidewalk, bringing the matter to the touch of common sense, it would not have appeared reasonable that defendant should be allowed to question plaintiff's right to recover on the ground that many persons had passed that way without falling over the stake or wire. The practical question presented for solution was not one that depended in the least on the evidence of experimental use or the experience of individuals. There was, or should have been, no question whether the stake at the corner and the wire attached to it had such probable capacity for harm that due and reasonable care would prohibit their erection or maintenance on the sidewalk of a public street; but the question was whether this arrangement of stake and wire did encroach upon the sidewalk, where in no event had it any right, or whether it was on the lot, where, for aught appearing, the defendant owner had a right to put and maintain it, and where the defendant municipality had no need or occasion to be concerned about it. In the one case, the stake and wire were unquestionably an unlawful obstruction to the ordinary safe use of the sidewalk, and hence a defect (City of Bessemer v. Whaley, supra); in the other, it was not. In the one case, the question of contributory negligence aside, plaintiff was entitled to recover; in the other, he was not. Now, as we have already in effect said, that other people at different times had fallen over the wire, or even the stake at the corner, did not shed any legitimate light upon the obviously most important issue in the case, viz. whether the stake over which plaintiff fell was at the outer corner of the defendant owner's lot or at the inner corner of the pavement, nor did it bear relation to any other formal or litigated issue in the cause. But it was probably highly prejudicial to the defendants. Hence our conclusion that it was reversible error.

[6] It was also irrelevant and immaterial that the witness Hull on numerous occasions had pulled up the stakes set out by the defendant owner of the lot. The inference or evidential presumption that the witness did no wrong in pulling them up is no whit stronger than the inference or presumption that the defendant owner of the lot did no wrong in placing them where they were.

[7] The complaint alleged that plaintiff had suffered his injury on May 20, 1914 (and so the proof showed), and that he had presented his claim for damages to the municipal authorities as prescribed by the statute. In proof he offered a verified claim in which it was alleged that he had suffered his injury "on, to wit, May 20, 1914." Defendants objected to this proof on the ground; to state the substance of the objection, that a claim for damages suffered "on, to wit, May 20, 1914," was not a claim for damages suffered on May 20, 1914—was not a compliance with the statute (section 1275 of the Code), which requires that such claims shall state "the day and time" of the injury. Defendant cites Central Lumber & Timber Co. v. McClure Lumber Co., 180 Ala. 606, 61 South. 821, and Henry v. McNamara, 114 Ala. 107, 22 South. 428. In these cases it was necessary that it be shown that a fact pleaded occurred before or after a date certain, and the court held that an allegation that the fact pleaded occurred on a date laid under a videlicet did not sufficiently show its occurrence before or after the date certain. Here the case is different. It was of no special consequence whether plaintiff's injury occurred on one day or another. The only purpose of the requirement that a claim be filed stating "the day and time" is to give the municipal authorities an opportunity and data for an investigation. Technical accuracy is not required. It is enough if the municipal authorities are fairly informed. McKinnon v. City of Birmingham, 71 South. 463.[2] While the purpose of a videlicet in pleading is to give notice that proof may be addressed to an occurrence either at or about the time alleged, we think we treat this question with proper solemnity when we say that the claim certainly directed attention to the date alleged and that the videlicet had in the circumstances no office to perform. It certainly did not inform the municipal authorities that plaintiff would rely on proof

[2] 196 Ala. 56.

of an accident that would, of all dates, exclude the date alleged. It directed attention to the date alleged, and the authorities knew that they need not look outside of that date.

[8] Plaintiff's testimony tended to show—approximately, and nothing more was to be expected—his average earnings and the time he had lost from the practice of his profession. This was reason enough for the refusal of those special charges requested, to the effect that plaintiff could recover no more than nominal damages on account of loss of practice.

It rather seems that the charge as to plaintiff's loss of earning capacity should have been given. Alabama Fuel & Iron Co. v. Ward, 194 Ala. 242, 69 South. 621. The question will probably not recur in its exact present shape.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

On Rehearing.

SAYRE, J. The foregoing opinion was written with a view to the fact, though no specific mention was made of it, that the contest in this court was between appellee and the city of Birmingham alone. The Browns are parties defendant in the judgment, but for some reason best known to themselves they have waived error. We referred to the fact that there was a contradiction in the evidence as to whether the stake at the corner stood on the property line or the inner line of the pavement. It does not appear that the dispute was material to the main question in the case, viz. whether evidence of the fact that other persons fell over the wires or stakes at places other than the corner should have been admitted; but appellee now affirms that there is absolutely no room for entertaining any doubt as to whether the stakes—we referred only to the stake at the corner—were located in the space allotted for and dedicated as a sidewalk or on the property line abutting such space. We may have taken the statement from appellant's brief, as we were authorized to do by rule 10, which provides that:

"The statement [of facts in appellant's brief] will be taken to be accurate and sufficient for decision unless the opposite party in his brief shall make the necessary corrections or additions." 175 Ala. xviii.

[9] But, however that may have been, we have gone again to the record, where we find that the Browns seem to concede in their testimony that the stake at the corner stood in the space between the outer corner of the lot and the inner corner of the paved part of the sidewalk, though they testified that all the stakes were located on what they supposed to be their property line. But this concession did not bind the appellant municipality. A number of witnesses spoke of the sidewalk in a way that left it doubtful whether they meant the sidewalk dedicated to public use or only that part of it that was paved. But the witness Walwork said:

"The stakes were not on the sidewalk, and I should think they were about a foot back from the sidewalk; in fact, I am sure of that." Page 68 of the transcript.

So, then, the evidence on this point was in conflict, though, as we have already said, that fact was not necessary to the conclusion we reached on the admissibility of the evidence of other accidents.

The brief on application for rehearing has been considered with due care. We have found no other point that requires further discussion. The court is of opinion that the application should be denied.