## CITY OF BESSEMER v. BARNETT.
### (6 Div. 193.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

**1. Municipal corporations ⬅763(1)—Duty to maintain streets reasonably safe.**

A municipality is under legal duty to maintain its streets and sidewalks in reasonably safe condition for use of public and is liable in tort to person thereby injured for negligent failure to do so, especially in view of Code 1907, § 1273, (Code 1923, § 2029).

**2. Municipal corporations ⬅747(2)—Maintenance of streets corporate duty.**

The duty of a municipality to maintain its streets in reasonably safe condition is a corporate rather than a public duty and its officers or agents are engaged in a ministerial rather than a governmental function in performance of this service.

**3. Municipal corporations ⬅763(1) — Duty to maintain streets reasonably safe not suspended during work.**

The duty of a municipality to maintain its streets in a reasonably safe condition is a continuing duty not suspended while street force engaged in working streets, and liability exists for negligent performance as well as nonperformance of this duty.

**4. Municipal corporations ⬅747(2) — Liable for negligent maintenance of streets, whether negligence of superior or subordinate agent caused injury.**

A municipality is liable for injury resulting from negligent maintenance of streets, whether a subordinate agent or employee or a superior was person whose negligent act or omission caused the injury.

**5. Municipal corporations ⬅812(6) — Claim for injuries substantially complying with statute sufficient.**

The purpose of filing claim against municipality for injuries as required by Code 1907, § 1275 (Code 1923, § 2031), is to advise municipality of accident for purpose of investigation and adjustment without suit, and is sufficient if it complies with statute in such substantial way as to accomplish this purpose, neither technical accuracy nor particular negligence relied on being required.

**6. Municipal corporations ⬅816(11) — Claim for injuries held not at variance with complaint.**

A claim against municipality for injuries filed under Code 1907, § 1275 (Code 1923, § 2031), alleging that street was in "a defective and unsafe condition," held not at variance with allegation in complaint that street was "in a wet, damp, and defective and unsafe condition."

**7. Witnesses ⬅240(2) — Leading questions discretionary with court.**

The allowance of leading questions in examination of witnesses is in discretion of trial court.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by Vivian Barnett, a minor, suing by her next friend, Nora Barnett, against the City of Bessemer. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Bumgardner & Wilson, of Bessemer, for appellant.

The complaint shows that the employés of the defendant were acting in a governmental capacity, for which the city is not liable. Danville v. Fox, 142 Ky. 476, 134 S. W. 883, 32 L. R. A. (N. S.) 636; Conelly v. Nashville, 100 Tenn. 262, 46 S. W. 565; Alberts v. Muskegon, 146 Mich. 210, 109 N. W. 262, 6 L. R. A. (N. S.) 1094, 117 Am. St. Rep. 633; Barney v. Lowell, 98 Mass. 570; Wakefield v. Newport, 62 N. H. 624; 28 Cyc. 1263. There is a variance between the complaint and the claim filed. Defendant was entitled to the affirmative charge. Code 1907, § 1275; Benton v. Montgomery, 200 Ala. 97, 75 So. 473; McKinnon v. Birmingham, 196 Ala. 56, 71 So. 463.

J. A. Estes, of Bessemer, for appellee.

There was no variance between the complaint and the claim. McKinnon v. Birmingham, 196 Ala. 56, 71 So. 463; Code 1907, § 1275. Counsel argues other questions, but without citing additional authorities.

BOULDIN, J. The action is for damages for personal injuries. The case made by the complaint is, in substance:

Plaintiff was on a sidewalk on a public street in the city of Bessemer. The municipality was using a tractor with grader attached in grading or working the street. A shelter or structure over the sidewalk was supported by upright posts near the curbstone. The street-working machinery struck and knocked down these supports, causing the overhead structure to fall upon the plaintiff, and inflict the personal injuries for which she sues.

The first count ascribes the injury to the negligence of defendant in allowing the street near the curbstone to remain, for an unreasonable time and with the knowledge of defendant's officers or agents, in a damp, marshy, and unsafe condition for the use of the street machinery, and, with such knowledge, negligently causing or allowing such machinery to be used at such place, and as a proximate consequence the wheels of the machine sank into the marshy place, skidded or tilted, and struck the posts, causing the shelter to fall, etc.

The second count ascribes the injuries to the negligence of defendant's officers or agents, acting within the scope of their em-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ployment, in failing to use due care, skill, and diligence, with a knowledge of the condition of the street and sidewalk, and of the position of the plaintiff.

The evidence tended to support the several averments of the complaint. It is without dispute that the grader or dresser being used in working the street was, as the time, being operated by the street superintendent of the city of Bessemer in person.

[1, 2] The chief point stressed in argument is that the officers and employees of the street department, while engaged in repairing a public street are public officers or employees acting in a governmental capacity, for which act the city is not liable. It has long been the settled law of Alabama that a municipality is under the legal duty to maintain its streets and sidewalks in a reasonably safe condition for the use of the public; and for the negligent failure so to do it is liable in tort to a person thereby injured. This has been declared a corporate, rather than a public duty, and its officers or agents to be engaged in a ministerial, rather than a governmental, function, in the performance of this service. City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30.

In City of Selma v. Perkins, 68 Ala. 148, it was said:

"If an individual suffers injury from the negligent performance of this duty, the city is answerable to him in damages. Smoot v. Mayor of Wetumpka, 24 Ala. 112; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Albrittin v. Huntsville, 60 Ala. 486, 31 Am. Rep. 46. If the courts of other states find it consistent with their system of jurisprudence to adopt a different view of the measure of the liability of municipal corporations, it furnishes no reason or authority for a change of the settled law of this state."

[3] This is a continuing duty, not suspended while the street force is engaged in working the streets. The liability exists for the negligent performance as well as the nonperformance, of this duty. In the early case of Smoot v. Mayor of Wetumpka, 24 Ala. 112, 121, it was said:

"We are of opinion that there is, in such cases, no solid distinction between a tortious neglect of a known, defined duty, which is of such a character as not to involve governmental powers, and the performance of such a duty in so unskillful, and negligent a manner as to cause particular or extraordinary injury to another. The consequences to the party injured are the same, whether they result from misfeasance or nonfeasance."

[4] Nor is the case different where the superintendent of streets is personally in charge of the work or the person whose negligent act or omission caused the injury. The test is the service in which the officer is engaged, and not his title or relation to the governing body. There can be no reason for holding a municipal corporation responsible for the act of a subordinate agent or employee, and not responsible for the act of the superior engaged in the same service.

Even where a police officer is charged with the duty to remedy defects or report same to some other officer, as to such service, he is deemed a ministerial agent, for whose negligence the municipality is answerable in its corporate capacity. City of Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487; 19 R. C. L. §§ 391 and 392.

There is no need now to re-examine the ground on which the liability is imposed, nor to differentiate the various cases of nonliability for official action. It is part of the jurisprudence of Alabama, long established, and now recognized by statute. Code 1923, § 2029; Code 1907, § 1273.

The testimony touching the existence of the marshy place in the street and its long continuance, in connection with evidence of working the street from time to time, made it a question for the jury whether the officers and agents knew of such condition, not merely ought to have known it. Although the complaint went farther than necessary in averring actual knowledge, the evidence warranted a refusal of the affirmative charge for defendant on that issue.

Section 1275 of the Code of 1907 (section 2031, Code 1923) required, as a condition precedent to recovery, the filing with the clerk of a sworn statement of the claim. This statement must state "substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed." The question here raised as to the sufficiency of the claim filed is directed to its statement of the manner in which the injury was received.

The statement filed alleged that the street was in "a defective and unsafe condition," and "as a proximate consequence thereof the wheel of said scraper or grader next to the sidewalk sank, or slid, or tilted toward the sidewalk and struck and caused the said awning or shelter to fall," etc. The complaint alleged the street was "in a wet, damp, and defective and unsafe condition," etc. The point made is that there is a variance between the claim and the complaint, and that the quoted statement from the claim is too general.

[5, 6] The purpose of the filing of the claim is to advise the municipality of the accident for the purpose of investigation and adjustment without suit. The claim is sufficient if it sets out the matters named in the statute in such substantial way as to accomplish this purpose. Technical accuracy is not required, neither is it necessary to set out the particular negligence relied upon. For example, it would have been

sufficient here to state that the street force in operating the street machinery knocked the awning down upon plaintiff at the time and place named. City of Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487. There was no material variance between the claim filed and the complaint in this regard. The amendment to the claim filed after the expiration of six months from the date of the injury, ascribing the injury to the negligence of the city in suffering the awning to be maintained over the sidewalk, was not counted upon in either count of the complaint. No question arises as to the propriety of amendments to such claims, nor the date when allowable.

[7] The allowance of leading questions in the examination of witnesses is in the discretion of the trial court.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.