THEA BROLIN, RESPONDENT, v. CITY OF INDEPENDENCE, A MUNICIPAL CORPORATION, APPELLANT.—138 S. W. (2d) 741.

Kansas City Court of Appeals. January 29, 1940.

*I. J. Ringolsky, Wm. G. Boatright, Harry L. Jacobs* and *Ringolsky, Boatright & Jacobs* for respondent.

362

*John F. Thice* and *Charles H. Walters, Jr.,* for appellant.

SPERRY, C.—This is a damage suit instituted by Thea Brolin, plaintiff below, against the City of Independence, Missouri, defendant. The parties will be referred to herein as plaintiff and defendant. Plaintiff's cause of action grows out of injuries alleged to have been suffered by her when she slipped and fell in a street of defendant city, which street she was, at the time, walking over because of the alleged dangerous and unfit condition of the adjacent sidewalk. Plaintiff had a judgment and defendant appeals.

Defendant offered a demurrer at the close of all of the evidence and assigns error because of the failure of the trial court to sustain same.

This case was before us on another appeal, Brolin v. City of Independence, 114 S. W. (2d) 199. In our opinion in that case we reviewed the evidence extensively and held that in order for plaintiff to make out a case of liability against defendant she must show her use of the street instead of the sidewalk because of the unfit condition of the sidewalk; that such theory is the only one upon which recovery may be had by a pedestrian injured in a fall in the street, where a sidewalk is provided, because the law does not ordinarily place on the city such a high duty of maintenance of its streets for the safe use thereof by pedestrians as it fixes and requires in the case of sidewalks. In view of our opinion in the former appeal, and of the specific reasons urged in this case in support of the demurrer, we shall confine our summation of the facts in evidence on this trial to those touching the points here urged.

Plaintiff, at the time of the accident, and for many years prior thereto, had lived at her home at the northwest corner of the intersection of Park and Maple. Her home was on the north side of Maple and on the west side of Park. Maple was a paved street, running east and west, and Park, running north and south, was paved from the intersection southward, but was unpaved in front of plaintiff's home, and northward. The unpaved section of Park sloped downward to the intersection, and when it rained mud and clay were washed onto the intersection, filling the north half thereof level with the curb on the north, and thinning out towards the crown of the streets, in the center, to about one fourth inch in thickness. There was no sidewalk

along the north side of Maple, but there was one on the south side thereof, running eastward from the intersection. Some thirty or forty feet east of the curbing at the corner of Park and Maple one or more sections of this sidewalk had sunk down until it was several inches lower than the remainder of the sidewalk, and, on the occasion of the injury it had been raining and this depression was filled with water, and the parkway between the sidewalk and the curbing was also water soaked and muddy. The intersection was coated with mud, as above described, but was driest at the center along the crown of the street. Plaintiff and other pedestrians desiring to walk eastward from this corner used the sidewalk in dry weather; but in rainy weather pedestrians universally followed the street past the sunken place in the sidewalk. The condition of the sidewalk and street during rainy weather, as above described, had continued for a year prior to the accident and defendant knew of said conditions.

On the day when plaintiff was injured she had been east, about a half block, to see a neighbor. In returning to her home she followed the center of the street because of the water in the depression in the sidewalk, until she reached a point about the center of the intersection at the corner near the house, where she slipped, fell, and was injured, because of the wet, muddy, slippery condition of the street.

We deem the foregoing facts in evidence to be sufficient for our purposes, and for a more complete statement reference is made to our statement contained in our former opinion, the evidence being about the same in both cases.

The first point urged in support of the demurrer is the alleged failure of plaintiff to serve a notice on defendant of the time, nature, place and conditions which caused the accidental injuries complained of, as required under provisions of section 6898, Revised Statutes Missouri, 1929.

The record discloses that plaintiff served a written notice on the mayor of defendant, which notice sets out the time, place, and general conditions existing at the place and time when and where plaintiff fell. It also states that plaintiff was injured thereby and thereat, that she would file claim and suit for damages, and that certain named attorneys represented her. This notice was served within the time limited in the statute.

Defendant claims that the notice is insufficient in that it fails to state why plaintiff was traveling in the street at the time, instead of along the sidewalk adjacent thereto; that it fails to allege the defective condition of the sidewalk. We think that, since the notice complies literally with the statute in its terms, such compliance was sufficient. To hold otherwise would be to require that the notice, to be good, must state all of the claimed negligence of defendant upon which plaintiff relies for recovery; that the notice must contain something more than the statute requires. But for the statute, defendant would not be

entitled to any notice at all. We are unwilling to amend the statute, by judicial interpretation, and thereby read something into it which the Legislature did not write into it. "While the circumstances of the injury are to be stated in the notice, the statute does not require the causes which produced the injury to be enumerated." [McCartney v. City of Washington, 124 Iowa, 382, 100 N. S. 80, l. c. 81.] "Technical accuracy is not required, neither is it necessary to set out the particular negligence relied on." [City of Bessemer v. Barnett, 102 So. 23, 212 Ala. 202, l. c. 203.] The point is ruled against defendant.

Defendant also says the demurrer should have been sustained because: "As a matter of law, plaintiff's use of the street at the point in question was not required because of any negligence of the city, and that plaintiff in the use of the intersection complained of was guilty of contributory negligence."

Defendant, in its brief, states:

"Had she left the center of the street and gone back to the sidewalk after passing the defect complained of, or had she gone a few feet south to the crossing of Park Street in line with the sidewalk on South Park, she would have avoided the mud complained of."

Its contention is that we should hold, as a matter of law, that plaintiff was guilty of contributory negligence in that, after she traveled westward down the center of the street to a point west of the defective sidewalk, she failed to turn south some 12 feet to the curb, proceed a further distance of 6 feet across a water soaked, muddy parkway to the sidewalk, and proceed westward from that point, along the sidewalk, until she reached the curbing at the intersection. If she had done so, she would then necessarily have been required to cross to the west side of Park, go up onto the sidewalk a few feet, then turn to the right and cross to the north side of Maple, to her home. We think, in view of all the facts in evidence, that it was for the jury, and not for the court, to say whether or not her failure to follow the route as outlined by defendant constituted contributory negligence. Having been forced to the street she was entitled to consider the muddy conditions of the street and the perils of traffic in determining whether the route followed was the safest route. We cannot hold that the route indicated by defendant was one which a person in the exercise of ordinary care for her safety would have taken in preference to the route which plaintiff took. [Merritt v. Kansas City, 46 S. W. (2d) 275, l. c. 279, 280; Newberry v. City of St. Louis, 70 S. W. (2d) 546, 335 Mo. 1, l. c. 5 and 6; Stollhans v. City of St. Louis, 121 S. W. (2d) 808, 343 Mo. 467, l. c. 472.] The question was properly submitted to the jury under Instruction A, and the jury answered it against defendant's contention.

Defendant urges that error was committed when the trial court permitted plaintiff to amend her petition by interlineation, the day

of the trial, and overruled its motion for continuance. The amendment alleged the unsafe condition of the sidewalk, heretofore discussed, and that by reason of the said unsafe condition thereof plaintiff was forced to use the street where and when she received her injury. The original petition, upon which the case was first tried, contained no such allegation. We reversed the judgment and remanded the cause for the specific reason, as stated in our opinion, that plaintiff must recover, if at all, on that theory. Defendant was bound to take notice of our former opinion in the same case, and can scarcely be said to have been surprised when it learned, on the day of trial, that plaintiff desired to amend her pleading so as to incorporate the only theory upon which, as we had theretofore stated, she might be entitled to recover. Furthermore, it appears that evidence on both sides of this very proposition had been received in the former trial. It is true that defendant, in the first trial, objected to the reception of such evidence; but the trial court held same to be admissible. Defendant then offered countervailing evidence on the point. In the colloquy between the court and counsel, concerning the amendment in the instant case, the trial judge stated that he still thought the amendment unnecessary in order to render the evidence admissible, but that such amendment might be considered proper by reason of some language contained in our former opinion. The record in the instant case also discloses that defendant took the deposition of plaintiff a week prior to the trial and questioned plaintiff at length concerning the condition of the sidewalk. Concerning the allowance of the amendment the court's refusal to continue the case, under the circumstances here shown, it cannot be said that the court was "satisfied, by affidavit or otherwise, that the opposite party could not be ready for trial in consequence thereof." [Sec. 941, R. S. Mo. 1929.] We cannot say that the trial judge erred in this connection.

Defendant urges that plaintiff's main instruction, A, is fatally defective in two respects. The first defect claimed is that while said instruction requires the jury to find that the sidewalk was in a sunken condition which caused water to collect therein during rainy weather and rendered same not reasonably safe for pedestrian travel, but that it failed to require the jury to find that defendant knew that said sidewalk was in an unsafe or dangerous condition; that it only required the jury to find that defendant knew, or could have known, of the sunken condition of the sidewalk. It is claimed that this point is ruled by our opinion in Long v. F. W. Woolworth Company, 109 S. W. (2d) 85, l. c. 89. In that case the instruction was in respect to a hole in the floor, into which hole plaintiff stepped and was thereby caused to fall, from which fall she suffered injuries. The instruction required a finding: ". . . that said hole rendered said floor unsafe for ordinary use . . . and if you find . . . that the

defendant, . . ., knew of the presence of the hole in the floor." We held the instruction to be defective because "it omitted to require the jury to find that defendant knew of the *dangerous quality* of the condition created in the floor by the hole therein, . . ."

It is to be remembered that the instruction we are here considering deals with a condition that is alleged to have caused plaintiff to walk on the street rather than on the sidewalk, and that her injury was received on the street and not on the sidewalk. In this respect the facts differ from those in the case of Long v. Woolworth, *supra.* In the latter case the injury was received when plaintiff stepped into the hole in question, not while she was following another route because she may have thought the condition dangerous.

The instant instruction required the finding of the following facts:

(1) The physical condition of the sidewalk, that it was sunken and, in rainy weather and at the time of the injury, covered with water from three to six inches deep;

(2) that it was not reasonably safe for use by ordinary careful pedestrians;

(3) that the city knew of the sunken condition and of the accumulation of water thereon;

(4) That the city knew that pedestrians customarily used the street, instead of the sidewalk, in rainy weather;

(5) that the street was covered with mud and clay and was muddy and slippery, and was not reasonably safe for the use of pedestrians, and that defendant knew thereof;

(6) that the safest place for pedestrians to use in rainy weather was the street, rather than the sidewalk;

(7) and that plaintiff's injury, if any, was the direct result of defendant's negligence, if any.

In view of the findings required to be made, the jury could not have been misled. The jury evidently believed the sidewalk to be not reasonably safe for the use of pedestrians, believed the street to be the safest place for their travel and use, believed that pedestrians actually used the street instead of the sidewalk despite the admitted condition of the street, and believed that the city knew of this use and of the reason therefor. In view of the findings of fact required of the jury we must hold that the jury could have had no doubt as to the knowledge on the part of defendant that said sidewalk was in a dangerous condition. We think the city's knowledge of the unsafe condition of the sidewalk was required to be, and was found by the jury when the entire instruction is considered. The instruction is to be distinguished from that condemned in Long v. F. W. Woolworth, *supra.* [Lithegner v. St. Louis, 125 S. W. (2d) 925.]

Defendant criticises the foregoing instruction for further reason that it singles out parts of the evidence and lays undue stress thereon and minimizes the effect of evidence in conflict therewith. We think

the instruction but mentions facts in evidence for the purpose of hypothesizing them and requiring a finding thereof as a basis for liability. The instruction fairly submits the facts necessary for a finding for plaintiff on her theory of the case. We have heretofore discussed at length the chief criticisms levelled under this head in ruling the demurrer. Further discussion here would be, largely, a reiteration of what we there said. We rule the point against defendant.

The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.