GEORGE V. ANDERSON *vs.* THE MAYOR AND COUNCIL OF WIL-
MINGTON.

*Case—Personal Injuries—Obstruction in Street—Duty of City—
Duty of Traveler—Riding at Unlawful Rate of
Speed—Negligence—Contributory Negli-
gence—Proximate Cause.*

1.  The city has a right to block off a street for the comfort and well being of
sick residents, but it is the duty of the city when doing so, to so place and mark the
obstruction as to properly guard the public safety, and give reasonable notice that the
danger is there.    And in proportion as the character of the obstruction is not mani-
fest, the duty on the part of the city becomes the more imperative to plainly make
known its existence.

2.  The traveler is not bound to hunt for obstructions or pitfalls in the public
streets.    He has a right to presume that the city has done its duty and that the streets
are in a reasonably good condition.    But it is the duty of the traveler to proceed on
said streets at a lawful rate of speed, and in the reasonable exercise of all his
faculties.

3.  If the plaintiff, at the time of the accident, was riding on his bicycle at a
greater rate of speed than the city regulations permit, and the accident resulted from
such excessive speed, he cannot recover, nor can he recover if at the time of the
accident, he had his head down and was not looking or otherwise using ordinary care.
And he will not be entitled to recover if his negligence contributed proximately to
the injury, even though the city had been negligent in the matter.

*(March 30, 1899.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Benjamin Nields* and *John P. Nields* for plaintiff.

*Henry C. Conrad,* City Solicitor, and *Medford H. Cahoon,*
Assistant City Solicitor, for defendant.

Superior Court, New Castle County, February Term, 1899.

ACTION ON CASE (No. 187, May Term, 1896), to recover
damages for personal injuries alleged to have been received by

plaintiff while riding upon his bicycle westwardly on Third street in the City of Wilmington, by running into a small wire between Jefferson and Madison streets which it was claimed the defendant or its agents had negligently stretched across the said Third street for the purpose of blocking it off, and had negligently permitted the same to remain for two or three weeks without flag, guard or other proper signal of danger to give notice of the obstruction to travelers on the street.

See further facts in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—George V. Anderson, the plaintiff, claims that on the twelfth day of May, 1898, he was riding on a bicycle with due care, westwardly on Third street in this city; that between Jefferson and Madison streets, the city had blocked off Third street by stretching a small wire from a lamppost to a tree across the street, into which wire he ran and was thereby thrown from his bicycle violently upon the ground; that thereby his right shoulder was fractured and that he was otherwise bruised and injured so that he was and is disabled and has suffered much pain from thence up to the present time. That the said wire was negligently permitted to be stretched across the street for two or three weeks without flag, guard or other proper signal of danger to give notice of the obstruction to travelers on the street. That his injuries were the result of such negligence on the part of the city. In this suit he seeks to recover damages for such injuries.

The defendant on the other hand claims, that the street was lawfully blocked off for the protection and comfort of a citizen living on the said street at that point, who was very sick; that a white flag was placed and kept upon the wire at or about the middle of the street, in such way as to give proper notice to all persons traveling on the street that the wire was there; that the plaintiff at the time of the accident, was riding at an unlawful rate

of speed, with his head down and without looking; thus resulting in the injuries complained of.

It is for you to determine, whether such injuries resulted from the negligence of the plaintiff, or from the negligence of the defendant.

The law governing the case is clearly laid down in a series of decisions in our own State, and involves no new questions.

The city had a right to block off that street, for the comfort and well being of sick residents thereon in its discretion, and to use for that purpose such instrumentalities as it deemed proper; but inasmuch as the street was a public highway of the city, to the proper use of which all the citizens were entitled, it was the duty of the city in placing such obstruction there, to so place and mark the same as to properly guard the public safety, and to give such notice and warning of the existence of the obstruction as would reasonably notify all persons having occasion to use the street that the danger was there; and just in such proportion as the character of the obstruction was not manifest to the ordinary observer, the duty on the part of the city to plainly make known its existence, by such signals as could reasonably be observed was the more imperative.

It has been well said by our courts, that the traveler is not bound to hunt for obstructions or pitfalls in the public streets. It is the duty of the city to keep such streets in a reasonably good condition and repair at all times. The traveler has a right to presume, that this duty has been performed, and that the streets are so fit for use. While this is the duty of the city, there is also a clear duty imposed upon the traveler, that he shall proceed on the said street at a lawful rate of speed, and in the reasonable use and exercise of all his faculties; taking all reasonable care and precaution to avoid all injuries to himself as well as to others. If he shall disregard this duty and proceed recklessly or carelessly, he must take the consequences of injuries resulting therefrom.

If you are satisfied from the evidence that, at the time of the accident, Anderson was riding at a greater rate of speed than seven miles an hour, the maximum speed permitted to bicyclists by city regulations, and that the accident resulted from such excessive speed, he cannot recover in this action. In like manner he cannot recover, if you find from the evidence that at the time of the accident, he had his head down and was not looking or otherwise using ordinary care to see and avoid the obstruction. In such case he may not recover damages for injuries growing out of his own carelessness. Nor will he be entitled to recover if his negligence contributed proximately to the injury even though the city then and theretofore had been negligent in the matter as the law will not attempt to measure the degree of such negligence or his contribution to the accident, but will simply forbid recovery in such case.

If, on the other hand, you should be satisfied from the evidence that at the time of the accident he was using such care and caution as ordinarily prudent persons would use under like circumstances, then your verdict should be for the plaintiff and for such reasonable sum as will compensate him for his injuries.

Inasmuch as this action is founded on negligence, before you can find a verdict for the plaintiff, you must be satisfied from the evidence that the injuries complained of were the result of the negligence of the defendant, and that the plaintiff did not contribute thereto. Such negligence is never presumed; it must always be proved.

Verdict for plaintiff for $650.00.