## CITY OF ALBANY v. BLACK. (8 Div. 792.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Automobiles ⬅⟹301(3).**

Count in automobile driver's petition for injuries .alleging city's negligence in stretching rope across street without sufficient warning *held* to state cause of action. •

**2. Automobiles ⬅⟹301(3).**

Count in automobile driver's petition, alleging that city's agents, acting in scope of employment, placed rope across street, and negligently failed to warn travelers, *held* to state cause of action.

**3. Automobiles ⬅⟹301(3).**

Count alleging that automobile driver's injuries were due to city's neglect to remedy defect, in that rope was stretched across street without sufficient warning, city having notice thereof, *held* to state cause of action.

**4. Municipal corporations ⬅⟹788(2).**

Where intentional obstruction of street is charged as act of city, question of notice of obstruction is immaterial.

**5. Automobiles ⬅⟹285.**

Automobile driver is bound to take notice of proper warning signals as to obstruction in street.

**6. Automobiles ⬅⟹285.**

If signals giving warning of street obstruction were proper and sufficient, city was not liable for injury to automobilist whether latter saw and understood signals or not.

**7. Municipal corporations ⬅⟹788(2)—Where street superintendent places obstruction in street, his knowledge is notice to city.**

Where street superintendent, having duty to keep streets open and free for passage of general public, and report or fix any obstruction, himself places obstruction in street, his knowledge thereof is notice to city.

**8. Municipal corporations ⬅⟹798.**

City, having knowledge of street obstruction, has duty to either remove it or give proper warning of its presence.

**9. Municipal corporations ⬅⟹821(14).**

Generally, sufficiency of signals or barriers to give reasonable warning of, or security against, obstruction in street is question for jury.

**10. Automobiles ⬅⟹308(6)—Sufficiency of lanterns hung from rope across street as warning to automobile driver held for jury under evidence.**

In an action for injuries to automobilist driving into rope, stretched across street, at night, sufficiency of lanterns hung from rope, to give proper warning of obstruction *held* for jury under evidence.

**11. Automobiles ⬅⟹309(2)—Instruction, denying recovery for automobile driver's injury, if street obstruction was "reasonably marked by lighted lanterns," held properly refused, when omitting to define quoted phrase.**

In action by automobilist against city for negligently failing to give proper warning of obstruction, requested instruction denying recovery if obstruction was "reasonably marked by lighted lanterns" *held* properly refused, when omitting any definition of expression "reasonably marked by lighted lanterns," such as number, character, and placement thereof.

**12. Automobiles ⬅⟹285.**

Automobilist is not bound to anticipate and search for obstructions in streets, but only to look ahead, and see what ordinary vision would necessarily see.

**13. Automobiles ⬅⟹275—Instruction that automobile driver's injury from obstruction, placed by superintendent of streets, was not due to fault of city's agent held properly refused.**

In action by automobilist for injuries from street obstruction placed by superintendent of streets, who had duty of removing obstructions and protecting travelers from danger of collision therewith, instruction that injury was not suffered through any fault of officer or agent of city *held* properly refused.

**14. Automobiles ⬅⟹309(3)—Instruction that time between late afternoon and 8 o'clock would not raise presumption of notice to counsel of street obstruction held properly refused because abstract, and because notice was unnecessary.**

In action by automobilist for injuries from street obstruction placed by city superintendent of streets, instruction that time elapsing between late afternoon and 7 or 8 o'clock, when accident occurred, does not raise presumption of notice to council *held* properly refused, because notice was unnecessary, and because instruction was abstract; evidence showing obstruction was placed in the morning.

**15. Automobiles ⬅⟹306(2)—Where street obstruction was placed by superintendent of streets at direction of mayor, count alleging placing by agents of city acting within employment held unsupported by evidence.**

In action by automobilist against city for injuries from collision with obstruction placed in street by superintendent of streets at direction of mayor, count alleging that city agents, acting within line and scope of employment, placed obstruction in street *held* unsupported by evidence.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by Hosie Black against the City of Albany. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Count 1 avers the filing of a statement of claim with the city clerk and a demand upon

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the mayor for the names of persons who might be jointly liable with the municipality, and that compensation for injury had not been made and such names had not been furnished. It alleges that plaintiff was injured December 25, 1922 (as specified), "as a proximate consequence of the negligence of the defendant in this: On said date defendant was a municipal corporation, wherein was located a public street or highway known as Sherman street, * * * frequently used both night and day by travelers in automobiles, * * * and plaintiff avers that on the evening of December 25, 1922, said Sherman street between Eighth and Tenth Avenues East was obstructed and blocked, in that there was a large rope stretched across said Sherman street from the north side to the south side thereof; said rope being fastened or tied to trees or posts on opposite sides of Sherman street, and the rope being some 3 or 4 feet above the surface of the street." It is alleged that on the date stated, "in the nighttime," plaintiff was driving an automobile over and along Sherman street and, "not knowing that a rope had been stretched across said street, * * * drove said automobile into the rope, and was injured." It is averred that "defendant negligently or carelessly caused said rope to be stretched across Sherman street, thereby obstructing and blocking said street, and, as a proximate consequence of defendant's negligence and carelessness in so causing said rope to be stretched across said Sherman street, plaintiff was injured, in that he ran into said rope," etc.

Count 5 thus ascribes the negligence:

"Plaintiff avers that the agents, servants, or employees of the defendant, acting within the line or scope of their employment, placed a rope across Sherman street so as to block the free passage of said street, and negligently failed to place a light or other warning upon said rope so as to keep the traveling public from running into or against said rope, knowing full well that said street was frequently traveled in the nighttime by the public, and plaintiff avers that, as a proximate consequence of the negligence of the officers, agents, servants or employees of the said defendant in failing to put lights on said rope, which they had stretched across Sherman street, while acting within the line or scope of their employment, said plaintiff was injured by running an automobile he was driving into said rope," etc.

Count 7 alleges that plaintiff's injuries "were proximately caused by the defendant's neglect, carelessness, or failure to remedy a defect in Sherman street after the same had been called to the attention of the mayor and city council of the city of Albany, or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge thereof on the part of said mayor and city council, said defect consisting of the fact that a rope was stretched across Sher-

man street from the north side to the south side thereof, and allowed to remain there night and day in such manner or way as to not give warning or notice to travelers in the nighttime of its existence, thereby making said street in condition not reasonably safe for travelers."

The demurrer to the complaint contains these grounds: The same shows on its face that a rope stretched across a street is not a defect in the highway; same shows the alleged defect had existed for such unreasonable length of time as to raise a presumption of knowledge, etc., and fails to show the length of time it existed; same fails to show defendant had any knowledge or notice of said defect.

G. O. Chenault, of Albany, for appellant.

Demurrer to the complaint should have been sustained. Bessemer v. Whaley, 62 So. 473, 8 Ala. App. 523; Birmingham v. Carle, 68 So. 22, 191 Ala. 546, L. R. A. 1915F, 797. The corporation is not liable for wrongful or unlawful acts of its officers, though done under color of office. 28 Cyc. 1238; 13 R. C. L. § 136. Requested charges on contributory negligence should have been given. Albrittin v. Huntsville, 60 Ala. 495, 31 Am. Rep. 46; Birmingham v. Starr, 20 So. 424, 112 Ala. 98; Montgomery v. Ross, 70 So. 634, 195 Ala. 366; Mayor, etc., v. McCary, 4 So. 630, 84 Ala. 469. The mayor of the defendant had no authority to direct the rope to be put up. 28 Cyc. 1278; 13 R. C. L. 136. The duty of the defendant as to lights was what an ordinarily prudent person would do under the circumstances toward notifying wayfarers of impending danger. Ahlfeldt v. Mexico, 108 S. W. 122, 129 Mo. App. 193; Carswell v. Wilmington, 43 A. 169, 2 Marv. (Del.) 360; Kaiser v. St. Louis, 84 S. W. 19, 185 Mo. 366.

Almon & Almon and Eyster & Eyster, all of Albany, for appellee.

Counts 1, 5, and 7 sufficiently state a cause of action and are not subject to demurrer. Bessemer v. Whaley, 65 So. 542, 187 Ala. 528; Mayor v. Tayloe, 16 So. 576, 105 Ala. 176; Montgomery v. Ferguson, 93 So. 4, 207 Ala. 432; Anniston v. Iney, 44 So. 48, 151 Ala. 396; Montgomery v. Ross, 70 So. 634, 195 Ala. 364; Birmingham v. McKinnon, 75 So. 487, 200 Ala. 112. Knowledge of the officer was imputable to the defendant. Birmingham v. McKinnon, supra; Birmingham v. Muller, 73 So. 30, 197 Ala. 554; Montgomery v. Wright, 72 Ala. 420, 47 Am. Rep. 422. The fact that a citizen was sick in the block was not a good excuse for placing the obstruction. Birmingham v. Edwards, 77 So. 841, 201 Ala. 251; Cullman v. McMinn, 19 So. 981, 109 Ala. 614.

SOMERVILLE, J. [1-3] Counts 1, 5, and 7 of the complaint, upon which the case went to the jury, sufficiently state a cause of ac-

tion, and are not subject to any of the grounds of demurrer interposed.

[4] When an intentional obstruction of a public street is charged as the act of the municipality itself, the question of notice to the municipality of the existence of such an obstruction, as an element of liability to one injured thereby, is wholly immaterial. 28 Cyc. p. 1387, § 3.

The material facts relating to the obstruction complained of are as follows:

In order to protect a sick man from the annoyance of passing vehicles, the street superintendent of the defendant municipality, acting under an order from the mayor, stretched a rope across Sherman street, a a much-traveled city highway, so as to prevent the passage of vehicles along the street and by the sick man's residence located thereon. The rope was so placed on Christmas morning, 1922. It was a three-fourth inch grass rope, fastened firmly to trees and posts at either side of the street, so as to hang 4 or 5 feet above the surface. The street was about 48 feet wide, a little more or a little less; and, as a warning to approaching vehicles, two lighted lanterns were hung on the rope at about 5 o'clock p. m.; one being placed on each side of the street about 12 feet from the curb, leaving about 25 feet in the middle without any warning light. The rope was located about 150 feet from the nearest street light, which was at the intersection of Sherman street and Tenth avenue.

The evidence showed without dispute that it was the duty of the street superintendent to "keep the streets open and free for the passage of the general public, and either report or fix any obstruction or defect; either fix it or report it to the city council."

Defendant's contentions are: (1) That there "is no evidence to show that the act in question was authorized by the municipality, or was done by one of its authorized agents; (2) that, in any case, the obstruction of the street in the manner and under the circumstances shown was not authorized by law, and hence the municipality could not be held liable for the act of its agents in the premises; (3) that, even though the city could be legally responsible for this act of its agents, yet the evidence shows that proper and sufficient warning of the obstruction and of its danger to travelers was given by the two lanterns suspended from the rope; (4) that this municipality had no notice of the existence of the obstruction, or of the absence of sufficient warning signals, either actually or constructively, by the lapse of sufficient time to charge it with knowledge and responsibility; and (5) that plaintiff was guilty of contributory negligence, either (a) in not seeing the warning signals, and so avoiding the collision with the rope, or (b) in driving over the street at a speed in excess of the maximum rate of speed prescribed by a municipal ordinance.

It must be conceded that there is nothing in the evidence tending to show that the city council authorized the closure of this street or directed the street superintendent to place the obstructive rope as it was placed. It is therefore unnecessary to consider the power of the city government in the premises; that is, whether it might lawfully, in the exercise of its discretion, cause the temporary closure of the street in order to protect a sick person, domiciled on abutting premises, from the annoyance of passing traffic. See, however, City of Lawrenceburg v. Lay, 149 S. W. 862, 149 Ky. 490, 42 L. R. A. (N. S.) 480, Ann. Cas. 1914A, 1194, and note, page 1197, citing, affirmatively, Anderson v. Wilmington, 43 A. 841, 2 Pennewill (Del.) 28; 13 R. C. L. 224, § 189.

The trial judge instructed the jury that the city might lawfully close a street temporarily for the purpose stated, and neither party excepted to that instruction.

The questions of facts submitted to the jury were: (1) Whether the city had notice of the existence of the obstruction, as placed by its street superintendent, in time to remove it or to give to night travelers sufficient warning of its presence; (2) whether the two lanterns placed as above shown were a proper and sufficient warning; and (3) whether plaintiff exercised ordinary care in driving his car along this street, so that the injury he suffered from collision with the rope was not due to his own contributory negligence.

[5, 6] The two latter questions are really one under the evidence in this case, since, if the warning signals were proper and sufficient, plaintiff was bound to take notice of them; and, whether he actually saw and understood them or not, the city would not be liable for resulting injury.

[7, 8] Conceding that the street superintendent was without authority to place the obstruction, yet it is clear that as soon as he did place it his knowledge became the knowledge of the city, and it became the duty of the city to either remove the obstruction or to give proper warning of its presence. Bradford v. Anniston, 8 So. 683, 92 Ala. 349, 351, 25 Am. St. Rep. 60; Whitfield v. Meridian, 6 So. 244, 66 Miss. 570, 4 L. R. A. 834, 14 Am. St. Rep. 596, and note; note, 103 Am. St. Rep. 282; note, 20 L. R. A. (N. S.) 697; 13 R. C. L. 345, § 283.

[9] As declared in Kearns v. Mobile L. & R. Co., 71 So. 993, 196 Ala. 99, as a general rule, "the sufficiency of signals or barriers to give reasonable warning of or security against existing danger [from defects in a street], especially with respect to their character, number, and arrangement, is a question of fact for the jury."

[10] We think that the question of the sufficiency of the warning signals shown to have been stationed in this case was one of fact for the jury; this in view of the width

of the street, and the placement of the lanterns so as to leave about 25 feet of space without any warning of the obstruction.

[11] Several charges requested by defendant denied plaintiff's right to recover, if the obstruction was "reasonably marked by lighted lanterns." These charges were defective in their omission of any definition of what was intended by the quoted phrase; i. e., that the lights must have been of such number, character, and placement as to be plainly visible as warnings of danger to any traveler of ordinary vision who might approach the obstruction with his eyes open. If the warning lights met those requirements, it was immaterial whether plaintiff actually saw them or not; otherwise there would be no liability, unless the lights were actually seen and their warning understood.

[12] Several requested charges were misleading in their implication that plaintiff was bound to exercise diligence to discover the obstruction in time to prevent a collision, without reference to the sufficieny of the warning signals, and without explanation of the traveler's duty to use due care. He was not bound to anticipate and search for obstructions, but only to look ahead with his eyes open, and to see what ordinary vision would necessarily see. The issue of contributory negligence was in fact fully covered by the general oral charge.

[13] Under our view of the law as above set forth, the liability of the city did not depend upon actual notice to the city council. The street superintendent was, as to the duty of removing obstructions from the streets, and protecting travelers from the danger of collision with such an obstruction as this rope, the alter ego of the city; and his knowledge of the presence of the obstruction was, in law, the knowledge of the city. The requested instruction that this injury was not suffered through the fault of any agent or officer of the city was therefore properly refused.

[14] For the same reason we condemn a requested instruction that the time elapsing between "late in the afternoon," when it assumes the rope was placed, and "7 or 8 o'clock," when the accident occurred, does not raise any presumption of notice to the council that the rope was there. Moreover, the only testimony on the subject was that the rope was placed across the street on Christmas morning, so that the charge was abstract, and was properly refused for that reason.

The plaintiff testified that he was driving at a speed of 8 or 10 miles an hour, and was looking ahead, and that he did not see the rope nor lights. There was no evidence to contradict plaintiff's testimony in this regard. As to counts 1 and 7, the general affirmative charge for defendant was properly refused.

[15] We think, however, that count 5 was not supported by any evidence of a material allegation, and that, as to that count, the general affirmative charge for defendant was erroneously refused.

Count 5 alleges that "the agents, servants, or employees of the defendant, acting within the line or scope of their employment, placed a rope across Sherman street," etc., and the evidence failed to show that Street Superintendent Penney, who thus placed the rope, was so acting, for placing obstructions on the streets was in violation of his duty to remove them. True, the mayor of the city authorized or directed him to do as he did; but there is nothing to show that, as mayor, he had any such authority, and it cannot be presumed as a matter either of law or of fact.

It may be that the jury found for plaintiff upon that issue alone, and because of the mayor's supposed authority to give such an order to the street superintendent; and there was nothing in the general oral charge to save them from such a finding.

For this error, which was probably prejudicial to defendant, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MILLER and BOULDIN, JJ., concur.