## CITY OF ALBANY v. BLACK. (8 Div. 878.)

Supreme Court of Alabama.   Dec. 9, 1926.

1. **Appeal and error** ⚖️655(2)—**If motion is not timely made to strike bill of exceptions, because not presented or signed in time, objection is waived (Code 1923, § 6434).**

Where motion is not made, at or before submission, to have bill of exceptions stricken or disregarded, because not presented or signed within time described by Code, 1923, § 6434, objection is waived.

2. **Pleading** ⚖️18—**Counts alleging that accident occurred in "evening" held not demurrable for uncertainty.**

Counts alleging that automobile accident occurred in evening because of city's failure to

place or maintain lights at street obstruction or give other warning *held* to allege that injury occurred at night, and not subject to demurrer for uncertainty, "evening" meaning period between sunset or the evening meal and ordinary bedtime.

3. **Municipal corporations** ⚖️816(4)—**Allegation city negligently allowed defect to remain in street held to import knowledge.**

Allegation that city negligently allowed defect to be and remain in street imported that defect had existed sufficiently long to have been discovered and remedied by exercise of due care.

4. **Municipal corporations** ⚖️812(8)—**Verification of statement of claim against city held sufficient (Code 1923, § 2031).**

Sworn statement of claim against city for injury, reciting that plaintiff "makes oath that following facts are true," and setting out matters required by law and subscribed by plaintiff and attested "sworn to, and subscribed before me this 24th day of January, 1923, Jas. H. Martin, Notary Public," *held* sufficiently verified under Code 1923, § 2031.

5. **Evidence** ⚖️14—**That red light, properly placed at night on public street, is danger signal, is of common knowledge.**

That red light, properly placed at night upon public street, is danger signal, is of common knowledge, and no proof of such facts was required.

6. **Municipal corporations** ⚖️790—**Street superintendent's knowledge of obstruction in street held knowledge of city.**

Where street superintendent, having duty of removing obstructions from streets, knew of rope stretched across street, his knowledge of presence of obstruction was knowledge of city.

7. **Municipal corporations** ⚖️763(1)—**Duty to keep streets safe applies to acts of commission as well as omission.**

General duty to keep streets safe applies to acts of commission as well as omission, since duty to remove obstructions as an element of danger to public is but part of wider duty to maintain streets in safe condition.

8. **Appeal and error** ⚖️1039(13)—**Judgment should not be reversed for failure to prove unnecessary allegations in one of several counts for same negligence after general verdict.**

Where several counts state like cause of action, based on same alleged negligence, but one count contains additional unnecessary averments and there is general verdict, judgment should not be reversed for failure to prove unnecessary allegations.

Somerville, Gardner, and Miller, JJ., dissenting in part.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Martha Black against the City of Albany. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

G. O. Chenault, of Albany, for appellant.

Even though there was a defect or obstruction in the street, plaintiff could not recover, if there was a reasonable warning of same. City of Albany v. Black, 214 Ala. 359, 108 So. 49; 28 Cyc. 1407; Dooley v. Sullivan, 112 Ind. 451, 14 N. E. 566, 2 Am. St. Rep. 209; Mills v. Philadelphia, 187 Pa. 287, 40 A. 821. Other questions are discussed by counsel, but without citation of additional authorities.

Eyster & Eyster and Almon & Almon, all of Albany, for appellee.

As to the sufficiency of the complaint: City of Albany v. Black, 214 Ala. 359, 108 So. 49; City of Bessemer v. Whaley, 187 Ala. 528, 65 So. 542; Mayor, etc., v. Tayloe, 105 Ala. 176, 16 So. 576; City of Montgomery v. Ferguson, 207 Ala. 432, 93 So. 4; City of Anniston v. Ivey, 151 Ala. 396, 44 So. 48; City of Montgomery v. Ross, 195 Ala. 364, 70 So. 634; City of Birmingham v. McKinnon, 200 Ala. 112, 75 So. 487. The averment as to filing verified claim was sufficient, McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463. Where an intentional obstruction is charged to the municipality itself, the question of notice of the existence of same is immaterial. City of Albany v. Black, supra; 28 Cyc. 1387.

BOULDIN, J. [1] Under the present statute a bill of exceptions will not be stricken nor disregarded because not "presented or signed" within the time required by law, except on motion of a party to the record or his attorney. If such motion is not made at or before submission, the objection is waived. Code, § 6434.

This is a companion suit to City of Albany v. Black, 214 Ala. 359, 108 So. 49—an action for personal injuries resulting from the collision of an automobile with a rope stretched across a public street under direction of the mayor and superintendent of streets. The former action was by Hosie Black, the driver of the car, the present action by Martha Black, his wife, who was riding with others on the back seat of the car.

The present complaint contains three counts. Count 1 is the same as count 7, and count 3 the same as count 5, in City of Albany v. Black, supra, except in one respect, viz., the present counts fail to aver in terms that the accident occurred "in the nighttime." Count 1 alleges the injury was received on "the evening of December 25, 1922." The same averment is by reference carried into counts 2 and 3. All the counts lay the injury to the negligent failure to place or maintain guards, lights, or other warning to travelers in the nighttime. Without dispute in the evidence, the accident occurred in the early part of the night.

[2] Taken as a whole, these counts reasonably import that "evening" is used to designate the period between sunset, or the evening meal, and ordinary bedtime, one of its accepted meanings in common parlance (Webster's New International Dictionary, "Evening"), and that the injury occurred at night during this period. It was not subject to demurrer for uncertainty as to the time of the injury. Moreover, the demurrer does not specially point out the alleged defect insisted upon in the argument. The other grounds of the demurrers to counts 1 and 3 were ruled against the appellant in the Hosie Black Case, and we need not further consider them.

[3] Count 2 "avers that the defendant negligently allowed a defect to be and remain in Sherman street at the place above alleged, said defect consisting of the fact that a rope was stretched across Sherman street from the north side to the south side thereof, without being properly guarded or without maintaining notices or warnings thereon, so as to be observed by a traveler in the nighttime, thereby making said street unsafe for a traveler in an automobile"; that her injuries resulted from the automobile in which she was riding being driven by Hosie Black into such rope. By reference to count 1, plaintiff's injury is alleged to have been received "as a proximate consequence of the negligence of the defendant, or its agents, servants, or employees, acting within the line or scope of their employment."

That the defendant "negligently allowed a defect to be and remain" in the street imports that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; Lord v. City of Mobile, 113 Ala. 360, 21 So. 366; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48. The demurrer to count 2 was overruled without error.

[4] No particular form of verification is prescribed for the "sworn statement" to be filed with the city clerk under Code, § 2031 (1275). The recital that plaintiff "makes oath that the following facts are true," then setting out the matters required by law, subscribed by plaintiff, and attested, "sworn to, and subscribed before me this 24th day of January, 1923, Jas. H. Martin, Notary Public," is sufficiently verified.

[5] We do not construe the complaint, or either count thereof, as counting upon a defect in the street due to unlawful closing of the street, but the negligent manner of doing it—stretching a rope, without proper warnings of a barrier of that kind, in the nighttime. Neither the authority or charter power of the municipality to create a quiet zone by closing the street near the home of a sick person as a temporary emergency, nor the existence of such emergency at the time, is in issue. Hence, evidence of such sickness in fact, the extent of it, and the annoyance

of passing vehicles, was immaterial. In no event could plaintiff recover except upon evidence of want of red light signals, sufficient in number and properly placed, or other adequate warning of the presence of the obstruction. That a red light properly placed at night upon a public street is a danger signal is of common knowledge. No proof of such fact was required. If not common knowledge, it would not be a sufficient warning to the public.

The Hosie Black Case, 214 Ala. 359, 108 So. 49, was reversed for refusal of the affirmative charge to defendant on count 5, the same as count 3 in the case at bar. The pertinent provisions of this count are set out in the former opinion. Reversal was for entire want of evidence tending to prove the averment that in placing the rope across the street the mayor and superintendent of streets were acting within the line and scope of their employment. A further study impresses us this view is incorrect.

[6] As well said in the former opinion:

"The street superintendent was, as to the duty of removing obstructions from the streets, and protecting travelers from the danger of collision with such an obstruction as this rope, the alter ego of the city; and his knowledge of the presence of the obstruction was, in law, the knowledge of the city."

And again:

"Placing obstructions on the streets was in violation of his duty to remove them."

[7] The duty to remove obstructions as an element of danger to the public is but a part of the wider duty to maintain the streets in a safe condition. It has been long established that the general duty to keep the streets safe applies to acts of commission as well as omission. Smoot v. Mayor of Wetumpka, 24 Ala. 112; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23.

We are not dealing with the question of authority to erect such obstructions, but the line and scope of employment. In many cases, an agent is within the scope of his employment although the particular act is opposed to the direct instructions of the principal. To say one charged with the general duty to keep the street safe is without the scope of employment when he renders it unsafe, but is instanter within the scope of employment in failing to undo his act, presents an anomaly.

As before stated, the causal negligence counted on, and to which the trial was directed, related to the unsafe condition, not because of the erection of the obstruction nor failure to remove same, but failure to guard or place such warning signals as to remove the element of danger to the public.

It is doubtful whether the averments in question should not be treated as mere surplusage, but assuming, without deciding, that their incorporation in the complaint made them material and required proof thereof, we conclude there was no lack of proof, and the affirmative charge on count 3 was properly refused.

[8] We think there is another reason why this charge was refused without error. Where several counts state a like cause of action based on the same alleged negligence, but one count contains additional unnecessary averments and there is a general verdict, it should not be reversed for failure to prove such unnecessary allegations.

No injury results in such case. The case is different when a count wanting in necessary averments is sustained against apt demurrer, and submitted with goods counts, and there is a general verdict. The jury may have based the verdict on the defective count.

The further questions presented for review are sufficiently covered by the principles of law applied to similar facts in the case of Hosie Black, supra. A further discussion is not deemed necessary.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur in the opinion.

SOMERVILLE, GARDNER, and MILLER, JJ., concur in the result only.

SOMERVILLE, J. (concurring in part, and in part dissenting). In City of Albany v. Black, 214 Ala. 359, 108 So. 49, a companion case to this, the witness Penney testified that he was the street superintendent of Albany, whose duty it was "to 'keep the streets open and free for the passage of the general public, and either report or fix any obstruction or defect.'" It did not appear that he had charge or control of the streets, nor that he had any authority or duty other than stated above. The evidence showed without dispute that Penney obtained authority from the mayor to cut off traffic on the street in question, for the sole purpose of protecting his sick relative from the noise of passing vehicles, and that he stretched a rope across the street in the execution of that purpose. On those facts we held that Penney was not acting "within the line or scope of his employment."

By a bare majority, the court now overrules the Black Case, 214 Ala. 359, 108 So. 49, on that point, holding that Penney was there acting "within the line and scope of his employment." I think our original holding was correct, and therefore dissent from so much of the majority opinon as criticizes and overrules the former decision.

In my opinion the majority decision ignores a basic principle often declared by this court in applying this phrase to the conduct of a servant. In Steele v. May, 135 Ala. 483, 488, 33 So. 30, 32, it was said, per Haralson, J.:

"The simple test is, whether they were acts within the scope of his employment; not

whether they were done while 'prosecuting the master's business; but whether they were done by the servant in ·furtherance thereof, and were such as may be fairly said to have been authorized by him. By authorized is not meant authority expressly conferred, but whether the act was such as was incident to the performance of the duties intrusted to him by the master, even though in opposition to his express and positive orders."

In Hardeman v. Williams, 169 Ala. 50, 53 So. 794, it was said, per Sayre, J.:

"The principal is responsible for the acts of his agent done within the scope of his employment, and in the accomplishment of objects within the line of his duties."

In 39 Corp. Jur. 1286, it is said 'that:

"The test of the master's responsibility for the acts of his servants is not whether such act was done in accordance with the instructions of the master to the servant, but whether it was done in the prosecution of the business that the servant was employed to do.". ·

If, in the original case, the evidence had shown that Penney "had charge of the streets" and had general supervision and authority over them, as expressly appears in the instant case, my ·conclusion in the original case would have been different; for under such an employment and authority anything done by Penney affecting the condition and use of the streets would have been within the line and scope of his employment. For this reason I am concurring in the conclusion reached in this case under a materially different showing as to the character of Penney's employment.

Under the limited scope of his employment in the original case, and also in the companion case of City of Albany v. Wilson, 112 So. 435,[1] which is decided herewith, I am unable to see how Penney's act under the mayor's direction to accommodate a sick relative, in purpose and result wholly foreign to his employment, and not only not related to its accomplishment but directly opposed to it, can be regarded as an act within the line or scope of his employment.

GARDNER and MILLER, JJ., concur in the foregoing opinion.

