### CITY OF ALBANY v. WILSON.
(8 Div. 879.)

Supreme Court of Alabama.    Jan. 13, 1927.

Rehearing Denied May 12, 1927.

**1. Parties** ☞59(4)—**Amendment making suit in name of next friend instead of minor held not change of parties plaintiff (Code 1923, § 5686).**

Amendment making suit in name of next friend instead of minor plaintiff *held*, in view of Code 1923, § 5686, not change of parties plaintiff.

**2. Municipal corporations** ☞812(6)—**Claim against city for injuries held to sufficiently comply with statute (Code 1907, § 1275).**

In suit against city for injuries to occupant of automobile driven into rope stretched across street at night, sworn written statement of plaintiff's demand addressed to mayor, stating manner in which injury was received, time and place thereof, and damages claimed, *held* sufficiently to comply with Code 1907, § 1275, to warrant its admission in evidence.

**3. Municipal corporations** ☞814—**Admitting written demand to mayor for names of persons jointly liable with city for injuries held not error (Code 1907, § 1274).**

In suit for injuries to automobilist driving into rope stretched across street, admitting in evidence written demand to mayor for names of persons jointly liable with city more than 30 days prior to commencement of suit *held* not error, in view of Code 1907, § 1274.

**4. Municipal corporations** ☞818(3)—**Evidence as to stretching rope across street, lights, and conditions before and after injury to automobile passenger held admissible.**

In action for injuries to occupant of automobile colliding with rope stretched across street at night, court properly permitted proof of when rope was stretched across street, size and materials thereof, lights thereon, by whom it was stretched, and condition of automobile before and after collision.

**5. Municipal corporations** ☞776—**Authority of mayor to direct placing of obstruction across street cannot be presumed.**

Authority of mayor of city, directing street superintendent to stretch rope across street as obstruction to traffic, cannot be presumed, as matter of law or fact.

Somerville, Gardner, and Miller, JJ., dissenting.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Action by Leldon Wilson against the City of Albany. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

G. O. Chenault, of Albany, for appellant.

In order to make a city liable, there must be negligence chargeable to the city, which is the natural and probable cause of injury, and the danger must be such as in the exercise of ordinary care might reasonably have been expected from the condition complained of. It is not liable for unauthorized or unlawful acts of its officers or agents, even though done in the course and within the scope of their employment. 28 Cyc. 1278, 1407, 1408; 13 R. C. L. 136; Small v. Danville, 51 Me. 359; Mitchell v. Rockland, 41 Me. 363, 66 Am. Dec. 253; Brown v. Cape Girardeau, 90 Mo. 377, 2 S. W. 302, 59 Am. Rep. 28; Hunt v. Boonville, 65 Mo. 620, 27 Am. Rep. 299; Thomson v. Boonville, 61 Mo. 282; Rowland v. Gallatin, 75 Mo. 134, 42 Am. Rep. 395. The general charge for defendant should have been given. City of Albany v. Black, 214 Ala. 359, 108 So. 49.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Almon & Almon and Eyster & Eyster, all of Albany, for appellee.

The complaint is sufficient. City of Albany v. Black, 214 Ala. 359, 108 So. 49; City of Bessemer v. Whaley, 187 Ala. 528, 65 So. 542; Mayor, etc., v. Tayloe, 105 Ala. 176, 16 So. 576; City of Montgomery v. Ferguson, 207 Ala. 432, 93 So. 4; City of Anniston v. Ivey, 151 Ala. 396, 44 So. 48; City of Montgomery v. Ross, 195 Ala. 364, 70 So. 634; City of Birmingham v. McKinnon, 200 Ala. 112, 75 So. 487. The averment as to filing verified claim is sufficient. City of Birmingham v. McKinnon, supra; City of Albany v. Black, supra; 28 Cyc. 1387.

MILLER, J. This is an action by the plaintiff, Leldon Wilson, a minor, by his next friend, Ab Wilson, against the city of Albany, for damages for injuries caused by a rope being stretched across a public street in the city, by the street superintendent, to protect a sick man from the noise of automobiles passing his residence; plaintiff was injured by the rope coming in contact with an automobile in which he was riding, driven by Hosie Black.

The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

The case of City of Albany v. Hosie Black, 214 Ala. 359, 108 So. 49, grows out of practically the same facts as this case. In that case, Hosie Black was the driver of the automobile, and in this case Leldon Wilson was an occupant. The facts are stated in that opinion.

[1] This original suit was commenced in the name of Leldon Wilson. The court permitted it to be amended over objection of the defendant, by making the suit in the name of Leldon Wilson by Ab Wilson, as next friend. In this there was no error. It appears Leldon Wilson was a minor about 10 years old at the time of the injury, and about 12 years of age at the time of the trial. Leldon Wilson is the real party in interest. There was no entire change of parties plaintiff made by the amendment. Foster v. Napier, 73 Ala. 595. And a minor having no guardian must sue by next friend. Section 5686 of the Code of 1923, same as section 2476 of the Code of 1907; Howland v. Wallace, 81 Ala. 238, 2 So. 96.

There are three counts in the complaint, as amended. They were numbered 1, 2, and 3. Demurrers were filed to the complaint, as amended, and to each count thereof. The court overruled the demurrers "to the complaint, as amended." The defendant pleaded general issue in short, by consent. These counts are very similar to the counts held sufficient in City of Albany v. Hosie Black, 214 Ala. 359, 108 So. 49. In City of Besse-

mer v. Whaley, 187 Ala. 528, 65 So. 542, this court stated:

"Anything that may reasonably be expected to interfere with the safe use of the sidewalk by pedestrians is a defect, and the authorities customarily speak of obstructions as defects."

So, under these authorities, we must hold each of the counts states a cause of action, and the trial court did not err in overruling the demurrers "to the complaint, as amended." See, also, Mayor of Birmingham v. Tayloe, 105 Ala. 176, 16 So. 576; City of Montgomery v. Ross, 195 Ala. 364, 70 So. 634; City of Birmingham v. McKinnon, 200 Ala. 112, 75 So. 487.

[2] The court did not err in admitting in evidence the written, sworn statement of plaintiff for his claim and demand, addressed to the mayor of the city of Albany, the city of Albany and its council. It is in writing. It is sworn to by plaintiff and was filed with the clerk of the defendant on February 9, 1923. It states, substantially, the manner in which the injury was received by him, the day and time and place where the accident occurred, and the damages claimed. This suit was commenced on the 25th of August, 1923. It sufficiently complied with the statute to justify the court in admitting it in evidence. Section 1275 of the Code of 1907.

[3] And the court did not err in admitting in evidence the written demand made by plaintiff, through his attorney, to the mayor of the city of Albany, for the name of such person or persons, agent, servant or employee, or officer of defendant as may be jointly liable with the city for the injuries complained of in the statement filed with the clerk of the defendant. It was given to the mayor on the 14th of July, 1923, and this suit against the defendant was filed on August 25, 1923, more than ten days after such demand.

[4] This written demand was competent and relevant evidence, under section 1274 of the Code of 1907. The court properly permitted plaintiff to prove when this rope was placed there, its size, material of which it was made, the lights on it, by whom it was stretched and tied across the street, its condition before the collision and afterwards, the condition of the automobile before and after the collision, the injuries to plaintiff, the number of lights on the rope, and how far they could be seen at night from the place where they were hung on the rope.

It appears from the evidence that the purpose of putting this rope up there had been that a citizen of the town, residing at this place, was very sick, and that the mayor and street superintendent put the ropes along the street in front of his residence and for a distance of 400 or 500 feet from his residence or house, to keep travel off of this

street, and at first watchmen were placed to keep the travelers off, and afterwards they resorted to the rope. This rope had been there one, two, or three days before the night of the injury.

The defendant requested, in writing, and the court refused to give the general charge, with hypothesis to the jury that they should not find for plaintiff under ·count 3 of the complaint. Count 3 charges directly:

"The agents, servants, or employees of the defendant, acting within the line or scope ot their employment, placed a rope across Sherman street, etc."

This was held ·to be and is a material allegation in the City of Albany v. Black, supra. There was no evidence in that case, and there is no evidence in this case to sustain it, and that written charge should have been given.

[5] True, the street superintendent placed this obstruction across the street, under the direction of the mayor, but there is nothing to show the mayor had any such authority, and his authority "cannot be presumed as a matter either of law or fact," and it was the duty of the street superintendent to remove and not to place obstructions across the streets of the city. This question, on similar testimony, was presented and so decided in City of Albany v. Black, supra. This general charge as to count 3 should have been given by the court. The jury returned a general verdict. It was not under any particular count. They may have found their verdict on that issue, because of the supposed authority of the mayor to direct the superintendent of the streets to place that rope across that street. And there is nothing in the general charge of the court to prevent such a finding by the jury. For this error, the judgment must be reversed. City of Albany v. Black, supra. This court in the case of City of Albany v. Black, supra, treated practically every question not mentioned herein and that is raised and argued by appellant, and what has been written in that case and in this case will be sufficient to guide the court on another time.

The other refused written charges, requested by the defendant, were carefully considered by the court in consultation, and the court did not err in refusing them. But the majority of the court consisting of ANDERSON, C. J., SAYRE, THOMAS, and BOULDIN, JJ., hold this case should be affirmed on the authority of City of Albany v. Martha Black (8 Div. 878) ante, p. 4, 112 So. 433. The judgment is affirmed.

ANDERSON, C. J., and SAYRE, THOMAS, and BOULDIN, JJ., concur.
SOMERVILLE, GARDNER, and MILLER, JJ., dissent.