167 So. 745

## LOUISVILLE & N. R. CO. v. STANLEY.

### 6 Div. 943.

Supreme Court of Alabama.

April 23, 1936.

Rehearing Denied April 30, 1936.

274

Eyster & Eyster, of Decatur, and St. John & St. John, of Cullman, for petitioner.

Tennis Tidwell, of Decatur, and W. Marvin Scott and H. H. Kinney, both of Cullman, for respondent.

ANDERSON, Chief Justice.

It seems that the bridge in question was constructed by the defendant railroad company under an ordinance contract with the city of Cullman to construct and maintain same. It is true the bridge is upon the right of way of the defendant, but it is also a component part of the highway of the city of Cullman whose primary duty it is to use reasonable care to keep its said highway in a safe condition. City of Bessemer v. Barnett, 212 Ala. 202, 203, 102 So. 23. And the city cannot relieve itself of liability by a delegation of the authority to another. 13 R.C.L. 335.

We think that the pivotal question in this case is the interpretation of the word "maintain" as used in the ordinance contract, and which said word has a broad and comprehensive meaning.

"Maintain. (§ 1) A. In General. As its structure suggests, 'maintain' signifies literally, to hold by the hand. While it is a word of common use and said to have a well defined meaning, oftentimes its meaning depends upon the intention of the parties and the context of the instrument. It is variously defined as to bear the expense of; to continue; to furnish means for the subsistence or existence of; to hold in an existing state or condition; to hold or preserve in any particular state or condition, to keep from change; to keep from falling, declining, or ceasing, to keep in existence or continuance; to keep in proper condition; to keep in repair; to keep up, to preserve; to preserve from lapse, decline, failure, or cessation; to provide for; to supply with means of support; to supply with what is needed; to support; to sustain; to uphold. Negatively stated, it is defined as not to lose or surrender; not to suffer or fail or decline." 38 Corpus Juris, 334.

We are of the opinion, and so hold that the duty placed upon the defendant was to keep the bridge in repair from a structural standpoint and that it was not contemplated that it was to keep said street free from foreign objects or defects, such as ice, banana peelings, or other accumulations not inherently a part of the structure. We therefore hold that as a matter of law the contract in question placed no duty upon the defendant to remove ice or snow or other extrinsic substances from the bridge. As no duty was shown to be upon the defendant to prevent the wrong complained of, it was due the general affirmative charge.

The opinion of the Court of Appeals is in error in holding that the defendant was not entitled to the general affirmative charge.

The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded, and reversed and remanded.

All the justices concur.