**SPRINGFIELD** (city) et v **HUBBUCH**

Ohio Appeals, 2nd Dist, Clark Co

No 359. Decided Feb 4, 1937

William Wasserstrom, Columbus, and Harry Kohn, Columbus, for defendant in error.

Orville Wear, Prosecuting Attorney, Springfield, for plaintiffs in error.

M. E. Spencer, Springfield, for County Commissioners.

Keifer & Keifer, Springfield, for City of Springfield.

Bodman, Longley, Bogle, Middleton & Farley, for The D. T. & I. R. R. Co.

## OPINION

By CRAIG, PJ.

The parties will be referred to as they stood in the court below. Plaintiff brought an action against The Detroit, Toledo & Ironton Railroad Company, the City of Springfield and County Commissioners of Clark County for damages as the result of an automobile accident which occurred on October 1, 1930, at the east boundary line of the City of Springfield on Route 40.

The issues were made up, the case presented to the court and a jury and a verdict returned for the defendants. Plaintiff duly filed his motion for a new trial, which was sustained. The defendants, by appropriate proceedings, asked this court to enter final judgment for them on the ground that their respective motions for a directed verdict, which the trial court had overruled, should have been sustained. This court held that under the state of the record such a proceeding could not be instituted, but the Supreme Court held otherwise. **Hubbuch v City of Springfield et, 131 Oh St 413.** The case is in this court for the sole purpose of determining whether any of the defendants is entitled to final judgment.

Under the rule in **Hamden Lodge v The Ohio Fuel Gas Co., 127 Oh St 469,** the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor, but if upon any essential issue, after giving such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the trial judge should direct a verdict against him.

Plaintiff on October 1, 1930, at about 7:30 A. M., was a passenger in an automobile headed in a westerly direction on the national road at the eastern limits of Springfield. The car skidded on a bridge over the tracks of the defendant, The D. T. & I. R. R. Co., hit the north side of the bridge, got out of control of the driver and went into the ditch on the south side of the road.

The question presented in this case requires us to inspect the record, which has been done.

The first matter to be settled is whether or not The D. T. & I. R. R. Co. was entitled to a directed verdict in its favor.

The record discloses that in 1892 the Commissioners of Clark County passed the following resolution:

"Be it resolved by the Board of County Commissioners of Clark Co., Ohio, that there is hereby granted to The Ohio Southern Railroad Company the right and permission to lay, maintain and operate a line of single or double track railroad over and across the following named county roads in said county at the points where the present located line of said railroad company's extension crosses the same, viz: Charleston Pike, National Road, Coblentz Road, St. Paris Pike, Valley Pike, Coffin & Sour Pike, Domer & Snyder's Pike, provided that the said railroad company shall cross the said National Road under the present grade thereof and shall construct and maintain a good and substantial bridge over its tracks at such crossing according to the plan and profile thereof on file in said Commissioners' office. Said bridge to be not less than eighteen (18) feet wide on the floor with guard rails on each side of the approaches thereto one hundred feet in length and shall construct approaches to said bridge not exceeding three feet in a hundred and gravel the same to a depth of one foot, permission being hereby granted to said railroad company to change the grade of said road sufficient to make such approaches. Provided further that said railroad company shall during the constructon of said bridge provide some means for the passage of traffic on said National Road and that said bridge shall be completed within the earliest practicable time after work on said crossing is begun."

In pursuance of this resolution the bridge was built by the predecessor of The D. T. & I. R. R. Co. Thereafter in 1919 the following resolution was passed by the Commissioners:

"Mr. Mills offered the following resolution. Whereas, heretofore, on November 21, 1892, The Board of County Commissioners of Clark County, Ohio, granted to the Ohio Southern Railroad Company, now Detroit, Toledo & Ironton Railroad Company, the right to lay, maintain and operate a line of single or double track railroad over and across the National Road at the point where the present located line of said railroad company crosses the same, provided that said railroad company construct and maintain a good and substan-

tial bridge over its tracks at such crossing according to the plan and profile thereof on file in said Commissioners' office as shown by Vol. 'J' page 153 of the Commissioners' Journal, and recorded in Vol. 'C' page 302 of the Lease Records of Clark County, Ohio; and

"Whereas, said bridge so constructed by said railroad company in pursuance of said resolution is old, worn and dilapidated and has become unsafe and dangerous to the traveling public; and

"Whereas, it is absolutely necessary for the public welfare, accommodation and convenience that said bridge be rebuilt on its present site by said railroad company in accordance with its agreement made with the Board of County Commissioners of Clark County, Ohio, to construct and maintain said bridge; therefore be it

"Resolved, by the Board of County Commissioners of Clark County, Ohio, that said railroad company be directed to rebuild said bridge at once and present to said Board of County Commissioners a plan and profile therefor for its approval, and that a copy of said resolution be served on said Detroit, Toledo & Ironton Railroad Company by the sheriff of Clark County, Ohio."

In 1923 the following resolution was passed:

"Whereas, the said bridge erected at said point by said railroad company is now in a state of repair and is now in such a dangerous condition that it is unsafe for travel thereon and is adequate for the great amount of travel over said road and across said bridge, and

"Whereas, the said National Road, designated as aforesaid, is a road of great general and public utility, it being the main entrance from the east into and outlet to the east from the city of Springfield, Ohio, now therefore:

"BE IT RESOLVED, by the Board of County Commissioners of Clark County, Ohio, and the City Commission of the city of Springfield, Ohio, in joint session;

"That formal notice of the present state and condition of the bridge erected over the point where the railroad tracks of the Detroit, Toledo & Ironton Railroad Company cross the National Pike, east, in the portion thereof which is designated as Inter-County Highway No. 1, Section 'A', be brought to the proper officials of the Detroit, Toledo & Ironton Railroad Company and that said railroad company be and it is hereby ordered and directed to comply with the terms, conditions and

stipulations set forth and contained in the resolution adopted by the Board of County Commissioners of Clark County, Ohio, on November 21st, 1892, and to forthwith begin the construction of a good and substantial bridge over its said tracks at said point, said bridge to be constructed in conformity with the laws of the State of Ohio, relative to the construction of bridges, and, be it further

"Resolved, that in default of the order aforesaid that such further and other proper legal proceedings as may be necessary in the premises be effected by said County Commissioners and said City Commission to the end that the condition of said bridge may be improved and the same made sufficient for caring for the travel ordinarily passing over the same, and

"That a copy hereof duly certified by the Clerk of the Board of County Commissioners of Clark County, Ohio, and by the Clerk of the City Commission of the city of Springfield, Ohio, be served upon said Detroit, Toledo & Ironton Railroad Company immediately, provided, however, that prior to such service being made, the adoption of this resolution has been ratified and confirmed by the Board of County Commissioners of Clark County, Ohio, in regular session and by the City Commission of the city of Springfield, Ohio, in regular session."

The bridge was renewed because of weakened parts in 1923, as well as sometime between the years 1914 and 1918. In the absence of any proof to the contrary, in view of the language used, it must be assumed that the bridge when built was suitable in every way and with the repairs made remained as fit for its purpose on October 1, 1930, as when built. The question, then, is under these circumstances: Was the obligation of the railroad company increased by the change in type and amount of traffic over the bridge? We think not. The resolution of 1892, which contains the agreement between the railroad company and the county, was that the former would "construct and maintain a good and substantial bridge over its tracks at such crossing according to the plan and profile thereof on file in said Commissioners' office." We have inspected the cases cited by counsel and feel that our conclusion is supported amply by Attorney General v Great Northern Railway Company (1916) 2 Appeal Cases 256; L. & N. Ry. Co. v Stenley, 167 So. 745; So.

Baltimore County v Washington B. & A. Electric Ry. Co., 132 Atl. 269; People ex Western New York & P. R. Co. v Adams, 34 N. Y. Supp. 579. In some of these cases the court refused to order the railroad company to care for the increased burden of weight due to changed traffic conditions, but the underlying principle is that the railroad company is under a duty to maintain such a bridge as was required at the time of its construction.

Inasmuch as it appears that The D. T. & I. R. R. Co. and its predecessor built and have maintained such bridge as required by the resolution of the Commissioners passed in 1892, it has discharged its duty and a verdict should have been directed in its favor. This court, therefore, will enter judgment in favor of the Railway Company.

The arrangement entered into between the County Commissioners and the Railway Company in 1892 did not relieve the Commissioners of their duty █ in respect to the highway at this point. L. & N. Ry. Co. v Stanley, supra; and Attorney General v Great Northern Ry. Co., supra.

The testimony in its most favorable light for plaintiff shows that the planks on the bridge were loose, the steel plates in the center of the bridge were loose and smooth, creating a situation whereby the chances of skidding and sliding would be increased. The curve of the bridge was uneven, consisting of a series of straight lines tending to throw an automobile out of balance and causing the driver to lose control. Under the rule of construction which binds us the testimony shows further that the car containing plaintiff approached the bridge at a speed of thirty miles per hour; that there were no warning signs as to the presence of the bridge and that no one in the car before had driven over this road. The left wheels of the car were on the steel band. The car skidded, hitting the right rail of the bridge, turned to the left over the rough highway and went into the ditch on the left side of the road.

The bridge was partly in the city of Springfield and partly in Clark County. It is not contended that either the city or the county was excluded from its duty to the public relative to the maintenance of the bridge.

The analysis of the testimony in defendants' brief is skillful and undoubtedly would be very forceful when presented to a jury. The evidence of this is the jury's verdict when the case was tried. We feel,

however, that under the rule laid down in the Hamden Lodge case, supra, that as to the defendants, the City of █ Springfield and County Commissioners of Clark County, it was proper for the trial court to send the case to the jury.

The trial court sustained plaintiff's motion for a new trial on the ground that it improperly had excluded plaintiff's proffered testimony as to other accidents occurring at or near the place of the accident involved in this case. Our attention has been called to pages 165 and 166 of the record, where are set forth the questions put to Mr. Slagle, engaged in the garage business. This testimony, if admitted, would have been to the effect that prior to October 1, 1930, for six or seven years, the witness Slagle had taken out of the ditches abutting the bridge in question eighty-five wrecked cars, and since that time fifteen such cars.

We appreciate that the correctness of the trial court's ruling on this question is not before us, but inasmuch as it seems to be the sole ground for sustaining the motion for new trial, we think we should advert to it. We say, however, in the nature of a suggestion, that it appears to us that there is grave doubt as to the admissibility of this testimony in the form in which it appears in the bill of exceptions. Inasmuch as this case has been pending for almost six years, it is only in the interest of justice that it be terminated as soon as possible.

As to the defendant, The Detroit, Toledo & Ironton Railroad Company, the judgment is reversed and final judgment rendered in its behalf.

As to the defendants, the City of Springfield and the Commissioners of Clark County, the judgment is affirmed.

BARNES and HORNBECK, JJ, concur.